## SHERROD & COMPANY *v.* HUGHES.

### (*Jackson.* April Term, 1903.)

1. **DEPOSITIONS.** May be read or not when witness is present; right to cross-examine.

   When a deposition of a witness, in or out of the county, has been taken by either party, and the opposite party has brought the witness into court by subpoena, the party who has taken the deposition may read it, or may examine the witness orally, or may decline to do either, as he chooses; but in either event the opposite party may examine the witness, treating him as the witness of the party who has taken his deposition, as to all matters, whether brought out in the deposition or not. (*Post, pp.* 313-315.)

   Code cited and construed: Sec. 5626 (S.); sec. 4591 (M. & V.); sec. 3837 (T. and S. and 1858).

   Cases cited and approved: Ford v. Ford, 11 Humph., 89; Turney v. Officer, 3 Head, 567; Puryear v. Reese, 6 Cold., 27; Sweat v. Rogers, 6 Heisk., 122.

   Case cited and overruled: Puryear v. Reese, 6 Cold., 21.

2. **STATUTORY CONSTRUCTION.** Word "shall" is a convertible term with the word "may" when.

   Under a statute providing that a witness, whose deposition has been taken, if summoned by the opposite party, shall be examined as if summoned by the party taking his deposition, the word "shall" therein used does not make an examination imperative, but is only intended to lay down the rule that he may be examined orally by either party. The word "shall" has been held to be a convertible term with the word "may." (*Post,* p. 315.)

Sherrod v. Hughes.

Cases cited and approved: Bank v. Johnson, 3 Humph., 28; Barnes v. Thompson, 2 Swan, 313.

FROM CROCKETT.

Appeal in error from the Circuit Court of Crockett County.—JOHN R. BOND, Judge.

CRAIG & CASEY, for Sherrod & Company.

W. F. POSTON, for Hughes.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action of replevin for some lumber and shingles. The case was tried before a jury in the court below, and there was verdict and judgment for the plaintiff, Hughes, and the defendants have appealed.

It is said there is no evidence to support the verdict. This is based on the idea that Hughes became the owner of the lumber and shingles by a fraudulent arrangement with Shepard, from whom he claims to have bought them. This was a matter which addressed itself to the jury, and they have found for the plaintiff, and there is evidence to support their finding.

It is said that it was error to allow the deposition of the notary public, Neal, to be read. Neal lived in the

county when the suit was tried, his deposition had been taken by the plaintiff, and he had then been summoned by the defendant as a witness, and was present at the trial and sworn, and placed under the rule by the defendant, and was so under the rule when plaintiff offered to, and did, read the deposition over defendant's objection.

It is insisted that this was contrary to statute (Shannon's Code, sec. 5626), which is as follows: "The deposition of any person residing in the county where the suit is pending may also be taken by either party, but the opposite party may summon the witness, in which case he shall be examined as if summoned by the party taking his deposition."

This statute has twice been passed upon by this court: First, in the case of *Turney* v. *Officer*, 3 Head, 567; and, second, in the case of *Puryear* v. *Reese*, 6 Cold., 21. In the two cases the court held directly opposite views, holding in the first that the deposition might be read, though the witness was summoned and in court under subpoena, and he might then be cross-examined by the opposite party.

In that case the depositions appear to have been read without objection, and the witness was cross-examined by the opposing party. The court held that the section did not make it obligatory in such cases on the party taking the deposition to read it, but he might have examined the witness orally or read the deposition; and the opposite party in either event would have been en-

titled to cross-examine him as the witness of the party who had taken his deposition.

In the latter case, 6 Cold., 27, the court held that in such case the party taking the deposition could not read it, but must orally examine the witness. While the case of *Turney* v. *Officer* is not referred to by name, the court evidently had it in mind when it said that it appeared to have been held otherwise, but the practice then laid down was the proper one.

Judge Caruthers, in his History of a Lawsuit (page 192, sec. 314), concurs with the view of the court in the Coldwell Case, but without referring to the case of *Turney* v. *Officer,* 3 Head, 576, which was decided about the time the History of a Lawsuit was written. It is not improper to note that the History of a Lawsuit was written very soon after the Code of 1858 was enacted. Prior to the enactment of the Code of 1858, there does not appear to have been any provision of law authorizing the taking of depositions of persons living in the county of the pending suit. There was a statute providing for taking depositions of parties not living in the county, and in such cases depositions might be read, though witnesses were in court and under subpoena, and in such cases they were to be treated as witnesses of the party taking the depositions. *Ford* v. *Ford,* 11 Humph., 89; *Puryear v. Reese,* 6 Cold., 27; Car., Hist. Lawsuit, sec. 314; *Sweat* v. *Rogers,* 6 Heisk., 122.

It is not of so much importance that the rule be

settled in accord with either view, as it is that it be settled in accord with one or the other definitely.

We are of the opinion that the practice laid down in *Turney* v. *Officer,* 3 Head, 567, should be established and followed. This makes the rule uniform as to witnesses in and out of the county whose depositions may be taken, and we see no valid reason for any difference in the two cases; and we therefore hold the rule to be, in both classes of cases, that when the deposition of a witness in or out of the county has been taken by either party, and the opposite party has brought the witness into court by subpœna, the party who has taken the deposition may read it, or may examine the witness orally, or may decline to do either, as he chooses; but, in either event, the opposite party may examine the witness, treating him as the witness of the party who has taken his deposition as to all matters, whether brought out in the deposition or not. It is true the statute uses the word "shall," but this word has been held to be a convertible term with "may." *Bank* v. *Johnson,* 3 Humph., 28; *Barnes* v. *Thompson,* 2 Swan, 313.

The use of the term "shall" does not make an examination imperative, but is only intended to lay down the rule that he may be examined orally by either party; but if his deposition is read or not, or he is examined by either party, he shall be treated and considered as the witness of the party who has taken the deposition.

It follows there was no error in the judgment of the court below, and it is affirmed, with costs.