SANFORD REALTY CO. *v.* CITY OF KNOXVILLE *et al.*

SANFORD *v.* SAME.

BAKER *v.* SAME.

(*Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

EGERTON, PETERS, MCAFEE & CLARK, of Knoxville, for Sanford Realty Co., and others.

H. G. TRYTHALL and MITCHELL LONG, both of Knoxville, for City of Knoxville.

Mr. Justice DeHaven delivered the opinion of the Court.

The above three suits involve identical questions. Petitioners are property owners and taxpayers of the City of Knoxville. It appears that the respective properties of petitioners were assessed for taxation for the year 1936, on or prior to February 10, 1936, by the regular Tax Assessor of the City of Knoxville, and thereafter, on or about February 15, 1936, a new Tax Assessor, who had just come into office a few days before, increased the assessments of petitioners' properties, as shown by the stipulations filed in the causes.

Petitioners duly filed with the Director of Finance, who is also the Tax Assessor, and the Tax Commission a protest against the last assessments, one ground of which was that neither the Tax Assessor nor the Tax Commission had the legal right or authority to increase the 1936 assessments of the respective properties after February 10, 1936. Thereafter, the Director of Finance and the Tax Commission ruled that the increased assessments should stand; whereupon, petitioners filed their respective petitions for *certiorari* to the chancery court of Knox county seeking relief from the additional assessments, which they asserted had been unlawfully made by the city for the reasons hereinafter set forth.

The defendants answered and admitted the assessments were made as averred; but denied the same were in violation of law, or of the charter or ordinance of the city.

On the hearing the chancellor delivered a written opinion in which he found the issues involved in favor of petitioners.

From a decree in accordance with the findings of the chancellor, defendants have appealed to this court. The question made by the assignments of error can be stated as follows: Was the Tax Assessor or the Tax Commission authorized to increase a tax assessment on property after February 10th where the regular Tax Assessor had made the assessment on or before February 10th?

It is contended by petitioners that the City of Knoxville was without legal right or authority to increase the assessments upon their properties after February 10, 1936, because:

(1) The charter of the City of Knoxville provides (section 88, chapter 412, Private Acts 1923, as amended by chapter 119, section 5, Private Acts 1931): "Assessments of all property in the City of Knoxville shall be made as of January 10th in each calendar year and shall be fully completed on or before the 10th day of February in each year, except for the year 1931; thereafter assessments shall be continuous and revisions may be made from time to time by the Tax Assessor and/or the Tax Commission so that the final assessment for succeeding calendar years shall be fixed prior to February 10th of all succeeding calendar years."

(2) The ordinance of the City of Knoxville provides in section 2, in part, as follows: "The revision and equalization of all assessments for the year 1932, and all succeeding years shall be fixed and fully completed prior to February 10th in each year."

(3) Section 1497 of the Code of 1932 provides: "It shall not be lawful for any back assessment or reassessment to be made against any property which has been assessed by the regularly constituted assessing authorities; provided, however, that nothing in this section

shall prevent the back assessment or reassessment of any property, real or personal, which shall have entirely escaped assessment and taxation, or shall have been inadequately assessed by reason of the connivance or fraud of the tax debtor.''

(4) The charter of the City of Knoxville provides (section 83, chapter 412, Private Acts 1923): ''That any property, real, personal or mixed, lying within the corporate limits which shall have been omitted from the regular tax assessment books, or are so described therein as to make assessment thereof uncertain or imperfect, may, in either event, be assessed for taxation by the Director of Finance for the current year and for the three years next preceding, by entering on the tax books for the current year a description thereof.''

Petitioners insist that the provisions of the charter and ordinance requiring tax assessments to be made and fully completed by both the Tax Assessor and the Tax Commission on or before February 10th in each year are mandatory. It is further insisted 'that under Code, section 1497, there can be no reassessment of property which has been assessed by the regularly constituted assessing authorities, unless inadequately assessed by reason of the connivance or fraud of the tax debtor, and that under the charter and ordinance of the City of Knoxville no provisions are made for the reassessment of property.

Defendants insist that the provisions of the charter and ordinance above referred to are merely directory, and that a literal compliance therewith is not necessary as a condition precedent to a valid assessment; that such enactments were not intended for the benefit or protection of the taxpayers, but were designed for the

information, convenience, and guidance of the taxing authorities; and that there was a substantial compliance with such provisions in making the assessments complained of by petitioners. It is further insisted that the taxing authorities of the city had at all times interpreted the charter provisions as being merely directory, and had made assessments without regard to the time limit prescribed therein, and that such practice had been uniform and continuous since the passage of the act. And, further, that petitioners had had their day in that they had perfected their appeals to the Tax Commission where the action of the Tax Assessor was affirmed, and their action is not subject to review by any other authority or tribunal.

The question as to whether or not the language contained in section 88 of the charter, providing that "Assessments . . . shall be made as of January 10th in each calendar year and shall be fully completed on or before the 10th day of February in each year," is mandatory or directory depends upon the intention of the Legislature. The language itself is free from uncertainty or ambiguity, and requires no construction. *Hickman* v. *Wright,* 141 Tenn., 412, 210 S. W., 447. The legislative intention is to be determined from a general consideration of the whole act with reference to the subject-matter to which it applies. *City of Knoxville* v. *Felding,* 153 Tenn., 586, 285 S. W., 47; *First National Bank* v. *Howard,* 148 Tenn., 188, 253 S. W., 961.

In 59 C. J., 1072, 1073, it is stated: "There is no universal rule or absolute test by which directory provisions in a statute may in all circumstances be distinguished from those which are mandatory, but in the determination of this question, as of every other ques-

tion of statutory construction, the prime object is to ascertain the legislative intent, from a consideration of the entire statute, its nature, its object, and the consequences that would result from construing it one way or the other, or from such statute in connection with other related statutes; and the determination does not depend on the form of the statute.''

 The language here under consideration is mandatory in form. The assessment ''shall be made as of January 10th,'' and ''shall be fully completed on or before the 10th day of February.'' The word ''shall'' is imperative, operating to impose a duty which may be enforced; while the word ''may'' is permissive, and operates to confer a discretion. 59 C. J., 1079. It is true that under certain conditions ''shall'' may be construed to mean ''may.'' *Sherrod & Co.* v. *Hughes*, 110 Tenn., 311, 75 S. W., 717; *Farmers' & Merchants' Bank* v. *Johnson*, 3 Humph. (22 Tenn.), 26. The presumption is, however, that words are used in their ordinary sense. *O'Neil* v. *State*, 115 Tenn., 427, 90 S. W., 627, 3 L. R. A. (N. S.), 762. The construction of mandatory words as directory should not be lightly adopted. 59 C. J., 1073.

The provision that assessments ''shall be made as of January 10th'' is undoubtedly mandatory. The above provision is immediately followed, in the same sentence, by the words ''and shall be fully completed on or before the 10th day of February in each year.'' It must be presumed that the Legislature used the word ''shall'' in both instances with the same intent.

It is argued for defendants that it would be impracticable to complete the assessment of property by February 10th and to complete the equalization work of the Tax Commission by the same date. Section 88 of the

132

charter, however, provides, that after the year 1931, "assessments shall be continuous and revisions may be made from time to time by the Tax Assessor and/or Tax Commission so that the final assessment for succeeding calendar years shall be fixed prior to February 10th of all succeeding calendar years." The clause contemplated that the taxing authorities shall work continuously on assessments and have them completed in each year by the time mentioned.

The tax ordinance, in section 2, provides: "The revision and equalization of all assessments for the year 1932, and all succeeding years shall be fixed and fully completed prior to February 10th in each year." It cannot be supposed that the city council was thus requiring a thing impossible of performance.

Section 26a of the charter (as added by Priv. Acts 1931, chapter 455, section 2) provides for the submission of the budget by the city manager to the city council between January 1st and 10th. Section 26c (as added by Priv. Acts 1931, chapter 455, section 2) provides for the passage of an appropriation ordinance ten days after its publication, but the ordinance must pass before the 1st day of March. Section 26e (as added by Priv. Acts 1931, chapter 455, section 2) provides that after the passage of the appropriation ordinance, "but not later than the 15th day of March in any year," the council shall pass an ordinance "levying upon all the taxable property within the city such rate of tax as may be necessary to produce the sum appropriated." Thus, the requirement that the tax assessments be fully completed by February 10th in each year was necessary to the functioning of the fiscal system of the city.

█ We think the increased assessments made on the

properties of petitioners were void. It is stipulated that these properties were assessed by the Tax Assessor on or by February 10, 1936. Later, on or about February 15, 1936, a new Tax Assessor undertook to reassess these properties. The charter of the City of Knoxville makes no provision for the reassessment of property after an assessment has been made in any particular year. Section 83 of the charter provides for the assessment of any property which shall have been omitted from the regular tax assessment books, but no provision is made for the reassessment of property where it has been assessed by the tax assessing authority. The Tax Commission, under section 88 of the charter, was vested with the authority to revise and equalize assessments, either upward or downward, as it might determine, provided that the final assessments were fixed prior to February 10th. The increased assessments placed upon the properties of petitioners after February 10, 1936, were nothing more than reassessments, unauthorized by the charter of the city.

■ It is insisted by defendants that the city itself so construed the charter as to make assessments after February 10th in any year, and such practice has been uniform and continuous. Petitioners deny that such practice prevailed. Without undertaking to decide whether such interpretation and custom existed, it is sufficient to say that the rule that construction of statutes by the officers whose duty it is to execute the same is entitled to great consideration, when such administrative construction persists for a long period of time without legislative action, has no application where an erroneous construction is placed on an unambiguous statute. *Nation-*

*al Life & Acc. Ins. Co.* v. *Dempster,* 168 Tenn., 446, 460, 79 S. W. (2d), 564.

After a careful consideration of the questions made by the assignments of error, we feel constrained to affirm the decree of the chancellor. Defendants will pay the costs of the appeal.