Brooks *v.* City of Memphis *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed June 16, 1951.

Evans, Exby, Moriarty & Petree, of Memphis, for petitioner.

Frank B. Gianotti, Jr., and Kenneth C. Larkey, both of Memphis, for defendants in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a petition for certiorari filed in the Circuit Court of Shelby County to strike down an amendment to the Zoning Ordinance of the City of Memphis, passed April 27, 1948, whereby two lots of the Petitioner's which before the amendment, were zoned "C Commercial" and "B Residential," and by the amendment were restricted to use as "A Residential" properties.

After grant of the writ of certiorari, the City filed a certified copy of the record made before the (1) Board of Adjustment, (2) on appeal before the Board of Commissioners of the City of Memphis, in considering and finally amending the Zoning Ordinances of Memphis to enlarge an existing "A Residential" District and include lots of the Petitioner in that more restricted use area.

After filing the record, the City demurred to the petition on several grounds, which the trial Judge sustained, after delivering a careful written opinion with citation of authority. The Petitioner has perfected this appeal.

The pleading filed in the Circuit Court by Petitioner was entitled, "A Bill for Declaratory Judgment and Petition for Writ of Certiorari." No authority is

cited for filing a Bill for Declaratory Judgment to review action of a Board or Commission, and we are confident that none can be found in the statutes or decisions of Tennessee. Since the authority of the City Commission to approve any change of zoning regulations and ordinances, is made final and conclusive by Act of the Legislature, the right and scope of review was limited to that provided by Code Secs. 9008-9018, as the effect of those sections has been construed and defined by this Court in *Savage Co.* v. *City of Knoxville*, 167 Tenn. 642, 72 S. W. (2d) 1057; *Anderson* v. *Memphis*, 167 Tenn. 648, 72 S. W. (2d) 1059; *McKee* v. *Board of Elections*, 173 Tenn. 269, 117 S. W. (2d) 752.

We, therefore, consider the pleading filed by Petitioner as a petition for certiorari, which alleged that the zoning amendment as it affected the rights of Petitioner, was arbitrary, unreasonable and confiscatory, and so unconstitutional under the "Due Process Clause" of the State and Federal Constitutions, 5th and 14th Amendments of the United States Constitution, Art. 11, Secs. 8, 17, and 21 of the Constitution of Tennessee.

No question is made but that Petitioner had notice of the proposed amendment to the Zoning Ordinance, and was represented by counsel at full hearings, both before the Board of Adjustment, and before the City Commission. The record so shows.

To support the conclusion that the amendment was arbitrary, unreasonable and confiscatory, as it affected the rights of Petitioner, she alleged that she owned two lots in the area by the amendment; that prior to the amendment, one of those lots was zoned "C Commercial" and the other "B Residential;" that after the amendment, both were restricted to the very limited uses of "A

Residential" properties; that lots less than a block away on both sides of her lots, and lots across the street from her lots, were not affected by the amendment, and so remained free for use as "C Commercial" property, and finally, that her lots which before the amendment, were worth $4,500, were after the amendment, worth only $500.

When analyzed, these allegations show nothing but that Petitioner's properties were on the border line of the properties affected by the amendment. Since the decision of *Spencer-Sturla Co.* v. *City of Memphis*, 155 Tenn. 70, 290 S. W. 608, the authority of municipalities to "zone," i. e., to define and restrict the permissive use of property, has been established in Tennessee. Obviously, this implies the authority to draw a line and provide that on one side of the line the property may be, and on the other side of the line may not be used for certain purposes. It must follow that property owners nearest the limit of the restricted area are most affected by the restricted use. This is the situation of Petitioner in the present case. Every property owner in the City of Memphis is charged with notice of the Zoning Ordinances, and of the authority of the municipality to amend the Ordinances by legal procedure as in the discretion of the municipal authority the need arises.

Since the complexities of modern life made the principle of municipal zoning necessary, it has been established by all the Courts that fixing the lines of the various districts making up the zoning plan, is a legislative exercise of the police power, and not a judicial function. *Meador* v. *City of Nashville*, 188 Tenn. 441, 220 S. W. (2d) 876. Than the late, great Oliver Wendell Holmes, there was never a Judge who viewed with a more sardonic eye, any modern contrivance that curtailed the old com-

mon law principle that ownership of land in fee, meant owning it from hell to heaven *(ab inferis ad coelum)*, yet he said: "Looked at by itself without regard to the necessity behind it the line or point seems arbitrary. It might as well or nearly as well be a little more to one side or the other. But when it is seen that a line or point there must be, and that there is no mathematical or logical way of fixing it precisely, the decision of the Legislature must be accepted unless we can say that it is very wide of any reasonable mark." *Louisville Gas & E. Co.* v. *Coleman,* 277 U. S. 32, 48 S. Ct. 423, 426, 72 L. Ed. 770, 775.

In all essential principles, the present case is controlled by the decision of this Court in *Howe Realty Co.* v. *City of Nashville*, 176 Tenn. 405, 141 S. W. (2d) 904. In that case, after a permit had been granted a property owner for a commercial use, which use was permissible under the existing Zoning Ordinances, the permit was revoked and this Court upheld the authority of the municipality to revoke the permit, and so to make the amendment of the Zoning Ordinances necessary to justify the revocation of the permit, saying: "In many instances residential property owners could derive much larger incomes if they were permitted to devote same to commercial purposes. The right, however, to restrict such areas has become the law in this and practically every jurisdiction in the United States. While such regulations frequently result in financial loss to property owners, they are based upon the idea that 'the interests of the individual are subordinate to the public good.' *Des Moines* v. *Manhattan Oil Company,* supra (193 Iowa, 1096, 184 N. W. [823] 828, 23 A. L. R. 1322). It is not our province to pass upon the wisdom of such laws; that is the prerogative of the Legis-

lature." *Howe Realty Co.* v. *City of Nashville,* 176 Tenn. 405, 413, 141 S. W. (2d) 904, 907.

 Where an affected property owner makes an attack upon an amendment to a Zoning Ordinance, and where municipal authority has observed all other requirements of due process, to support a charge that as to him or her, the amendment is arbitrary and confiscatory, the property owner has the burden of showing that the amendment was not adopted in the public interest, but was directed at him or her, to his or her disadvantage and prejudice. *Davidson County* v. *Rogers,* 184 Tenn. 327, 334, 198 S. W. (2d) 812; *Thomas* v. *State,* 136 Tenn. 47, 188 S. W. 617; *City of Memphis* v. *State ex rel. Ryals,* 133 Tenn. 83, 179 S. W. 631, L. A. R. 1916B, 1151. Pertinent annotations with citation of authority from many other states are to be found in the following: 54 A. L. R. 1016; 86 A. L. R. 659; 117 A. L. R. 1117. Since the only effect of the amendment of April 1948, was the enlargement of a contiguous and existing "A Residential" District, there was a reasonable basis for its adoption, and since a number of other property owners were affected and appeared, either as supporting or opposing the amendment before the Board of Adjustment and the City Commission, there is no showing that the amendment was directed at Petitioner, and not passed as a reasonable exercise of police power in the public interest on account of the increased congestion of the area involved. *Davidson County* v. *Rogers,* 184 Tenn. 327, 334, 198 S. W. (2d) 812; *Radice* v. *New York,* 264 U. S. 292, 294, 44 S. Ct. 325, 68 L. Ed. 690, 694.

The assignment or error is overruled and the judgment of the Circuit Court is affirmed.

All concur.