HOMER F. HOLDREDGE et al, Appellants,

*v.*

CITY OF CLEVELAND et al., Appellees.

402 S.W.2d 709.

(*Knoxville,* September Term, 1965.)

Opinion filed April 15, 1966.

240

STUART & HYBERGER and JAMES F. CORN, SR., Cleveland, for appellants.

BELL, WHITSON, PAINTER & McMURRAY and MAYFIELD & MAYFIELD, Cleveland, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

The appellants, complainants below, filed the bill in this cause under the Declaratory Judgments Act against the appellees and cross-appellants, defendants below; the City of Cleveland; Church of God; and James L. Wolfe and wife, Georgia L. Wolfe; seeking to have an ordinance amending the zoning ordinance of the City of Cleveland declared invalid and unconstitutional; also that the defendants Wolfe be prevented from revoking or rescinding certain building restrictions; that a building permit issued to the Church of God be declared void; and that the Church of God be enjoined from using any property it might acquire from Wolfe for other than residential purposes.

The defendants filed demurrers on the grounds that: (1) complainants' sole remedy was by certiorari under T.C.A. Section 27-901, et seq., and their bill could not be sustained under the Declaratory Judgments Act; (2) the bill was multifarious; and (3) complainants had not exhausted their administrative remedies.

The record shows the City of Cleveland passed on third and final reading a comprehensive zoning ordinance pursuant to the authority of Chapter 7, Title 13, Section 701, et seq., T.C.A., on April 9, 1962.

The bill alleged that the defendants, Mr. and Mrs. James L. Wolfe, had sold or optioned to the Church of

God a tract or parcel of land adjoining the Oakland Estates Subdivision upon which the Church plans to erect an office building to be used as the international headquarters of the Church of God.

The bill also alleged complainants are residents of the Oakland Estates Subdivision and that the parcel of land upon which the Church plans to erect the office building was by the zoning ordinance enacted on April 9, 1962, restricted to residential purposes.

It is then alleged in the bill that on April 23, 1965, over the protests of complainants, the Board of Mayor and Commissioners of the City of Cleveland enacted an ordinance amending the zoning ordinance of April 9, 1962, so as to permit the Church to consummate its plans to erect the office building.

The bill charged the amendment was enacted by the Board of Mayor and Commissioners without first submitting the amendment to the Planning Commission of the City of Cleveland for its approval; and that, therefore, the amendment was ineffective and void by virtue of T.C.A. Section 13-704.

The bill further alleged the purported amendment was unconstitutional for several reasons which we deem unnecessary to set forth here.

The Chancellor dismissed the bill as to the defendants, Wolfe and wife, as multifarious. This ruling of the Chancellor is not challenged here. He sustained the demurrers of the City of Cleveland and the Church of God which challenged the right of the complainants to attack the validity of the ordinance of April 23, 1965, which attempted to amend the zoning ordinance of April 9, 1962,

other than by a petition for certiorari. He overruled the demurrers insofar as they challenged the right of complainants to test the constitutionality of the ordinance under the Declaratory Judgments Act. He, accordingly, held the ordinance valid and constitutional insofar as complainants were concerned.

Complainants and defendants have each appealed.

The complainants insist the Chancellor was in error in holding their sole and exclusive remedy to test the validity of the ordinance was by a petition for certiorari. Specifically, the Chancellor held:

"A common plea of the three separate demurrers, is to the effect that the complainants have not complied with the provisions of T.C.A. Sections 27-901, et sequa, which provide the sole means of review of the City's action in adopting the amended ordinance. This statute provides for review by means of writ of certiorari. As heretofore observed, this suit is plead under the Declaratory Judgments Act, T.C.A. 23-1102, et sequa. The pertinent provisions of the law referred to are quoted, as follows:

" 'T.C.A. 27-901. Right of Review.—Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.'

\* \* \* \* \* \*

"In the case of *Brooks v. City of Memphis*, 192 Tenn., 371, 241 S.W.(2d) 432, at page 433, the Court said:

244

" ' (1) The pleading filed in the circuit court by petitioner was entitled, 'A Bill for Declaratory Judgment and Petition for Writ of Certiorari.' No authority is cited for filing a bill for Declaratory Judgment to review action of a Board or Commission, and we are confident that none can be found in the statutes or decisions of Tennessee. Since the authority of the City Commission to approve any change of zoning regulations and ordinances, is made final and conclusive by Act of the Legislature, the right and scope of review was limited to that provided by Code Secs. 9008-9018.'

(Now T.C.A. Secs. 27-901, et sequa).

"Procedure for review in cases of this character was again observed by our Supreme Court in the case of *City of Memphis, et al v. Sherwood Building Corporation,* et al., 208 Tenn., 17, at 18, 343 S.W.(2d) 846 [869] (petition to rehear denied March 10, 1961) holding that review can be had only by petition for writ of certiorari.

"Therefore, it is clear from the foregoing that the right and scope of review of the City Commission's authority to approve any change of zoning regulations and ordinances can only be had by writ of certiorari provided by T.C.A. 27-902."

Evidently, the Chancellor overlooked the fact that in both the Brooks and Sherwood cases the Court was concerned with zoning regulations of the City of Memphis authorized by Private Acts. Here, we are concerned with a Public Act codified as T.C.A. Section 13-701, et seq.

Chapter 165 of the Private Acts of 1921 authorized the City of Memphis to enact by ordinance zoning regulations. The Act also provides the method by which the

zoning regulations may be amended. We quote from the
Act:

"After such final report is submitted to the legis-
lative body, and final adoption of regulations by ordi-
nance, the legislative body may, from time to time,
amend, supplement or change by ordinance the bound-
aries or regulations so adopted. Notice of the adoption
of such amendment, supplement or change in the ordi-
nance shall be given by publishing such notice three
(3) times in some daily newspaper of general circula-
tion in such municipality. Such notice shall state the
time and place, not earlier than ten (10) days from the
last date of publication, at which the legislative body
of such municipality shall meet to hear remonstrances
or protests against the making of such amendment,
supplement or change. At the time and place thus ap-
pointed, the legislative body shall meet and all persons
whose property will be affected by such amendment,
supplement or change, may appear in person or by
Attorney or by petition, and protest against making
of such amendment, supplement, or change, and after
hearing such protest, if any, said legislative body may
confirm, modify or rescind such ordinance in whole or
in part."

In the Brooks case, the petitioner, Mrs. Brooks, after
the amendment was passed and notice given in compli-
ance with the Act by the City Commission, appeared
before the City Commission and protested the making
of the amendment on the grounds it was arbitrary,
unreasonable, confiscatory and unconstitutional insofar
as it affected her property. The Board of Commissioners,
after a full hearing which petitioner attended with her

Counsel, overruled her objections and approved the ordinance.

Thus, the City Commission made an order or judgment upon evidence introduced before them as authorized by the zoning acts applicable to the City of Memphis.

It is clear the City Commission, in this respect, was acting in an adminstrative or quasi-judicial capacity as authorized by the Private Act of the Legislature.

It is apparent from what we have quoted from the Private Act authorizing the City Commission of Memphis to approve any change of zoning regulations and ordinances makes such action of the Commission final and conclusive as stated in the Brooks case.

However, in the case at bar we are concerned with a Public Act, codified in T.C.A. Section 13-701, et seq. T.C.A. Section 13-703 provides before enacting an amendment to a zoning ordinance, enacted under authority of this Chapter, the chief legislative body of the municipality shall, upon fifteen days notice, hold a public hearing on the proposed amendment.

This provision was evidently complied with since the bill charged the amendatory ordinance was passed over the protests of complainants.

Defendants insist the passage of the amendment after the public hearing amounted to a final order or judgment approving the ordinance and was conclusive; and, as held in the Brooks case, complainants' exclusive remedy was by petition for certiorari.

We cannot agree. The Section requires a hearing prior to the enactment of an amendment. Under the Private Act applicable to the City of Memphis, the legis-

lative body is authorized to conduct the hearing after the passage of the amendment and to confirm, modify or rescind the amendment. Under T.C.A. Section 13-703, the hearing is a prerequisite to the passage or adoption of an effective amendment. The Section does not empower the legislative body to conduct a public hearing after the adoption of the amendment and confirm, modify or rescind the amendment. The adoption of the amendment was a legislative act.

The remedy by certiorari provided in T.C.A. 27-901, et seq., "was intended to have application only in a review of an order or judgment rendered after a hearing before a board or commission." *Stockton v. Morris & Pierce,* 172 Tenn. 197, 110 S.W.2d 480 (1937).

T.C.A. Section 13-704 provides:

"The zoning ordinance, including the maps, may from time to time be amended; but no amendment shall become effective unless it be first submitted to and approved by the planning commission or, if disapproved, shall receive the favorable vote of the majority of the entire membership of the chief legislative body."

Thus, it was not only essential for the Board of Mayor and Commissioners to hold the public hearing; but, also, to submit the amendment to the Planning Commission before the Board could enact a valid ordinance, if this Section is mandatory.

The bill in the instant case alleges and the demurrers admit this Section was not complied with in enacting the amendment.

Zoning laws are enacted in the exercise of police power. The police power belongs to the state, and

passes to municipalities only when and as conveyed by legislative enactment. *State ex rel. Lightman v. City of Nashville,* 166 Tenn. 191, 60 S.W.2d 161 (1933).

"Statutes prescribing how the delegated police power may be exercised are mandatory and exclusive of other methods." *State ex rel Lightman v. City of Nashville,* supra.

"If a zoning ordinance violates the requirements and prohibitions of the statute which authorizes that zoning ordinance, then, to the extent of such violation such zoning ordinance is invalid." *Henry v. White,* 194 Tenn. 192, 250 S.W.2d 70 (1952).

Furthermore, "whether a statute is mandatory or directory depends on whether the thing directed to be done is of essence of the thing required, or is a mere matter of form * * *. On the other hand, a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute, which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power or must be performed before certain other powers can be exercised, the statute must be regarded as mandatory." 82 C.J.S. Statutes sec. 376, pages 872, 873 and 874; *Stiner v. Powells Valley Hardware Co.,* 168 Tenn. 99, 75 S.W.2d 406 (1934).

"The rule that imperative words may be construed to have only a directory meaning is inapplicable when a consequence or penalty is prescribed for failure to

do the act commanded.'' 82 C.J.S., supra, sec. 376, page 872.

█ The language here under consideration is mandatory in form. That is ''no amendment shall become effective unless it be first submitted to the Planning Commission'' for its approval.

''The word 'shall' is imperative, operating to impose a duty which may be enforced; while the word 'may' is permissive, and operates to confer a discretion. 59 C.J. 1079. It is true that under certain conditions 'shall 'may be construed to mean 'may.' *Sherrod & Co. v. Hughes,* 110 Tenn. 311, 75 S.W. 717; *Farmers' & Merchants' Bank v. Johnson,* 3 Humph. (22 Tenn.) 26. The presumption is, however, that words are used in their ordinary sense. *O'Neil v. State,* 115 Tenn. 427, 90 S.W. 627, 3 L.R.A. (N.S.) 762. The construction of mandatory words as directory should not be lightly adopted. 59 C.J. 1073.'' *Sanford R. Co. v. City of Knoxville et al.,* 172 Tenn. 125, 110 S.W.2d 325 (1937).

For the foregoing reasons, we think the Section is mandatory.

T.C.A. Section 23-1103 of our Declaratory Judgments Act provides:

''Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.''

In the case of *Southeastern Greyhound Lines v. City of Knoxville,* 181 Tenn. 622, 184 S.W.2d 4 (1944), it was said:

"Moreover, while the bill primarily seeks injunctive relief, we think it might well be considered as a bill seeking a declaratory judgment upon the validity of an ordinance affecting complainants and other persons similarly situated."

Chancery Court had jurisdiction of suit by holders of beer permits for a declaratory judgment as to validity of city ordinance prohibiting sale of beer. *Grubb v. Mayor & Aldermen of Morristown,* 185 Tenn. 114, 203 S.W.2d 593 (1947).

Municipal ordinances may be declared void when not passed regularly or according to the forms of law. *Brumley v. Town of Greeneville,* 38 Tenn.App. 322, 274 S.W.2d 12 (1954).

We are convinced the validity of the ordinance amending the zoning ordinance may be tested under our Declaratory Judgments Act and that certiorari is not the exclusive remedy. We think the Chancellor was in error in holding to the contrary.

What we have heretofore said necessarily disposes of the assignment of error of the City of Cleveland and of the Church of God to the effect certiorari was the only and exclusive remedy available to complainants to test the constitutionality of the amendment. It is our opinion the Chancellor was correct in overruling this ground of the demurrer.

Since we must reverse the Chancellor, as indicated, we deem it would be premature for us, at this stage of the

proceedings, to pass on the other assignments filed in behalf of the complainants, which challenge the action of the Chancellor in finding the amendment constitutional and that it did not constitute "spot zoning."

The decree of the Chancellor is reversed and the cause is remanded for further proceedings consistent with this opinion. The appellees will pay the costs of the appeal. The costs below will await the final outcome in the trial court.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.