IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2019 Session

## JACK R. OWEN REVOCABLE TRUST v. CITY OF GERMANTOWN TENNESSEE ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-18-1095-1  Walter L. Evans, Judge**

_____

**No. W2018-01662-COA-R3-CV**

_____

Appellee Germantown Planning Commission voted to change the zoning designation of property held by Appellant trust.  In response, Appellant filed a petition for common law writ of certiorari seeking review of the Planning Commission's decision. Appellees moved for dismissal of Appellant's petition for writ of certiorari under Tennessee Rule of Civil Procedure 12.02(1).  Following a hearing on Appellant's request for temporary injunction to halt Appellee City of Germantown from taking any action on the Planning Commission's recommendation for rezoning, the trial court granted Appellees' motion to dismiss finding that it lacked subject-matter jurisdiction because the Planning Commission's recommendation did not constitute a final judgment for purposes of review under Tennessee Code Annotated Section 27-9-101.  On appeal, Appellant argues that the trial court's adjudication of the motion to dismiss was premature because Appellant had no opportunity to respond to the motion.  Appellant also contends that the grant of the motion to dismiss was error because, under Tennessee Code Annotated sections 13-7-203(b) and 13-7-204, the Planning Commission's decision was a final approval of the rezoning as opposed to a mere recommendation.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Richard L. Winchester and Robin W. Webb, Memphis, Tennessee, for the appellant, Jack R. Owen Revocable Trust.

Edward J. McKenney, Jr. and William Joseph Wyatt, Memphis, Tennessee, for the

appellees, City of Germantown, TN, and The Germantown Planning Commission.

**OPINION**

**I. Background**

Appellant Jack R. Owen Revocable Trust (the "Trust") is the owner of a 13.65 acre parcel of real estate located in Germantown, Tennessee (the "Property"). The Property is part of a larger 19.77 acre area (the "Triangle"). In 2007, the City of Germantown (the "City") and the Germantown Planning Commission (the "Planning Commission," and together with the City, "Appellees") adopted a redevelopment plan for the City's commercial core. This plan was called the Germantown Smart Growth Plan ("Plan"). In conjunction with the adoption of the Plan, the City developed a set of ordinances, which it called the Germantown Smart Code ("Smart Code"). As part of the Plan, the City assigned zoning classifications of "T5," "T4," or "T3" to properties located within the "Smart Growth" areas. The Triangle, including Appellant's Property, was located within the "Smart Growth" area and was assigned a T4 zoning classification. The Smart Code permits the development of mixed uses, including retail establishments, restaurants, and residential units, within a T4 zoned area.

The Property remained a T4 zoned property until approximately January 2018. At that time the City's Board of Mayor and Aldermen (the "Board") discussed rezoning the Triangle from T4 to R, which designation would permit only the building of single family residences on the Property. By letter dated June 6, 2018, the City Mayor, on behalf of the Board, requested that the City and the Planning Commission rezone the Triangle from T4 to R. On June 10, 2018, the Planning Commission held a public meeting to consider the rezoning request. The Planning Commission ultimately voted to recommend removal of the Triangle from the "Smart Growth" area and rezoning of the Triangle to R.

On July 24, 2018, Appellant filed a petition for common law writ of certiorari and complaint for declaratory judgment in the Shelby County Chancery Court ("trial court"). Appellant sought review of the June 10, 2018 decision by the Planning Commission to recommend that the Board approve an amendment to the Smart Code that would remove the Triangle from the commercial portion of the "Smart Growth" area and rezone it for single family residential use. Specifically, Appellant asserted that the Planning Commission did not follow the required procedure and reached an incorrect result. As part of Appellant's request for relief, it asked the trial court to issue a temporary injunction enjoining the City from proceeding with the process of rezoning the Triangle pending review by the trial court. A hearing on Appellant's request for temporary injunction was set for August 9, 2018.

On August 3, 2018, Appellees filed a response to Appellant's request for declaratory judgment, and a motion to dismiss. Appellees moved for dismissal of

Appellant's petition for writ of certiorari on the ground that the trial court lacked subject matter jurisdiction because the Planning Commission's recommendation was not a "final order or judgment" for purposes of review under Tennessee Code Annotated section 27-9-101, *infra*. Concerning Appellant's request for declaratory judgment, Appellees sought dismissal on the additional ground that Appellant's original claim for declaratory judgment could not be joined with its petition for writ of certiorari. The trial court did not rule on this question. Rather, on August 8, 2018, Appellant filed an amended petition for writ of certiorari striking its complaint for declaratory judgment leaving only the petition for writ of certiorari and request for injunctive relief.

On August 9, 2018, at the conclusion of the hearing on Appellant's request for temporary injunction, the trial court found that it lacked subject matter jurisdiction over the petition for writ of certiorari because the Planning Commission's recommendation was not a final order or judgment. Appellant's counsel responded that "the only thing on the agenda today was the temporary injunction," to which the Chancellor replied, "The Court is of the opinion that [it] has no jurisdiction to hear the matter and because of that fact, the Court is dismissing the action at this point." Appellant appeals.

## II. Issue

Appellant raises five issues for review; however, we perceive that there is one dispositive issue, to-wit: Whether the trial court erred in granting Appellees' motion to dismiss for lack of subject matter jurisdiction

## III. Standard of Review

This case was decided on grant of Appellees' motion to dismiss. The resolution of a Tennessee Rule of Civil Procedure 12.02 motion to dismiss is determined by an examination of the pleadings alone. ***Leggett v. Duke Energy Corp***., 308 S.W.3d 843, 851 (Tenn. 2010); ***Trau-Med of Am., Inc. v. Allstate Ins. Co.***, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" ***Brown v. Tenn. Title Loans, Inc***., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting ***Freeman Indus., LLC v. Eastman Chem. Co***., 172 S.W.3d 512, 516 (Tenn. 2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." ***Tigg v. Pirelli Tire Corp***., 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing ***Trau-Med***., 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." ***Crews v. Buckman Labs Int'l, Inc.***, 78 S.W.3d 852, 857 (Tenn. 2002); *see also* ***Lanier v. Rains***, 229 S.W.3d 656, 660 (Tenn. 2007). We

review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption that the trial court's decision was correct. ***Webb v. Nashville Area Habitat for Humanity, Inc***., 346 S.W.3d 422, 429 (Tenn. 2011).

## IV. Analysis

Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. ***Benson v. Herbst***, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). The existence of subject matter jurisdiction depends on "the nature of the cause of action and the relief sought." ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994). If subject matter jurisdiction is lacking, the court must dismiss the case. ***Dishmon v. Shelby State Cmty***. ***Coll***., 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review de novo. ***Chapman v. DaVita, Inc***., 380 S.W.3d 710, 712–13 (Tenn. 2012).

Appellant first contends that the trial court's grant of Appellees' motion to dismiss for lack of subject matter jurisdiction was premature. Specifically, Appellant's brief states that Appellees' "written motion to dismiss was granted by the court with no setting, notice of setting, or opportunity of counsel to brief and argue [Appellant's] legal position." In support of its position, Appellant cites Tennessee Rule of Civil Procedure 6.04, which requires that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing." Tenn. R. Civ. P. 6.04(1). "Opposing affidavits may be served not later than one day before the hearing . . . ." Tenn. R. Civ. P. 6.04(2). Appellant also cites Rule 10.01(i) of the local Rules of the Chancery Court of Shelby County, which provides, in relevant part, that

> [a]ll motions . . . to dismiss shall be filed at least thirty (30) days before hearing of same . . . attorneys for the respondent shall deliver copies of memorandum briefs to the Court . . . at least ten days prior to the hearing of the motion. No motion shall be heard unless there is compliance with this rule.

The sole ground for Appellees' motion to dismiss Appellant's petition for writ of certiorari (which was the only cause of action left after Appellant filed its amended petition, *see supra*) was that the trial court lacked subject matter jurisdiction over the case. Tenn. R. Civ. P. 12.02(1). Appellant's argument fails to acknowledge that the issue of subject matter jurisdiction may be raised at any time during the proceedings, by the parties or by the court. ***McQuade v. McQuade***, No. M2010-00069-COA-R3-CV, 2010 WL 4940386, at *4 (Tenn. Ct. App. Nov. 30, 2010). "A court may raise the issue of subject-matter jurisdiction *sua sponte*, even where no party objects." ***Wilken v.***

*Wilken*, No. W2012-00989-COA-R3-CV, 2012 WL 6727197, \*11 (Tenn. Ct. App. Dec. 27, 2012) (citing *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998); *McQuade*, 2010 WL 4940386, at \*4; *In re Estate of Boykin*, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008); Tenn. R. App. P. 13(b)). Not only must a court determine its subject matter jurisdiction, but "[a] trial court must [also] dismiss an action whenever it appears that it lacks jurisdiction of the subject matter." Tenn. R. Civ. P. 12.08 ("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). As explained by the Tennessee Supreme Court:

> Because the orders and judgments entered by courts without jurisdiction over the subject matter of a dispute are void, *Brown v. Brown*, 198 Tenn. at 610, 281 S.W.2d at 497, **issues regarding a court's subject matter jurisdiction should be considered as a threshold inquiry**, *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012), **and should be resolved at the earliest possible opportunity**.

*In re Estate of Trigg*, 368 S.W3d 483, 489 (Tenn. 2012) (emphases added). Here, the trial court was initially asked to grant injunctive relief, which was the subject of the August 9, 2018 hearing. In the absence of subject matter jurisdiction, the trial court would not have had the authority to grant the requested relief. As such, whether the trial court was acting on Appellees' Tenn. R. Civ. P. 12.02(1) motion, or was acting *sua sponte*, it was correct to make a jurisdictional determination as a "threshold inquiry" prior to granting or denying Appellant any relief. Accordingly, the timing of the trial court's ruling is not reversible error.

Concerning the substantive finding of lack of subject matter jurisdiction, as noted above, a court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). Tennessee Code Annotated section 27-9-101 is the applicable statute in this case and provides, in relevant part, that

> [a]nyone who may be aggrieved **by any final order or judgment** of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts . . . .

(Emphasis added). Concerning section 27-9-101's use of the words "final order or judgment," this Court has explained:

> The language "final order or judgment" in Tenn. Code Ann. § 27-9-101 must also be construed in the context of Tenn. Code Ann. § 27-8-101, which creates another requirement for the writ, by providing that,

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer *exercising judicial functions* has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. (emphasis added ).

The requirement that, to be subject to review by the common law writ of certiorari, a board's decision must be the result of its exercise of judicial functions explains the use of the words "order" and "judgment" in Tenn. Code Ann. § 27-9-101 . . . . Those terms are, of course, generally used to describe actions by courts.

*Walker v. Metro Bd. of Parks & Rec*., No. 2007-01701-COA-R3-CV, 2009 WL 5178435, *9 (Tenn. Ct. App. Dec. 30, 2009), *perm. app. denied* (Tenn. June 30, 2010). A decision or action by a board or commission that is not final is "not subject to judicial review under the common law writ of certiorari." *Id.* (citing *State Dep't. of Commerce v. FirstTrust Money Servs.*, 931 S.W.2d 226, 228–29 (Tenn. Ct. App. 1996)). Rather, such decisions or actions are merely advisory in nature. *Id.* Accordingly, the question of the trial court's jurisdiction over the subject matter of this case rests on a determination of whether the Planning Commission's action constitutes a "final order or judgment," or whether its recommendation was interlocutory in the sense that it required further action on the part of the City's Board of Mayor and Aldermen. Tenn. Code Ann. § 27-9-101.

The role of the Planning Commission in rezoning is set out at Tennessee Code Annotated sections 13-7-203(b) and 13-7-204. Section 13-7-203(b) provides:

No change in or departure from the text or maps as certified by the planning commission shall be made, unless such change or departure be first submitted to the planning commission and approved by it, or, if disapproved, shall receive the favorable vote of a majority of the entire membership of the chief legislative body.

Tennessee Code Annotated section 13-7-204 provides:

The zoning ordinance, including the maps, may from time to time be amended; but no amendment shall become effective unless it is first submitted to and approved by the planning commission or, if disapproved, receives the favorable vote of a majority of the entire membership of the chief legislative body.

It is undisputed that the rezoning of the Triangle did not take place as a direct result of the June 10, 2018 decision of the Planning Commission. Rather, as discussed

above, the Planning Commission merely recommended that the Board enact the proposed ordinance removing the Triangle from the commercial portion of the Smart Growth Plan and returning it to its previous single family residential zoning classification. Nonetheless, on appeal, Appellant argues that the Planning Commission's decision to recommend such action was "final" because it established that the rezoning could be accomplished by a majority of the quorum of the Board, who were present at the meeting when the final vote was taken, as opposed to the majority of the entire Board, which would be required if the Commission had recommended that the Board not enact the proposed ordinance. In furtherance of its argument, Appellant cites the case of ***Depot Property, LLC v. Town of Arlington***, No. W2010-01448-COA-R3-CV, 2011 WL 334472 (Tenn. Ct. App. Jan. 31, 2011), for the proposition that "the result of a rezoning application was decided, in essence, not by the Board of Mayor and Aldermen, but rather, by the action of the Planning Commission." Respectfully, Appellant misconstrues the holding in ***Depot***.

In ***Depot***, the planning commission recommended that the board of mayor and aldermen deny plaintiff's application to rezone his property. 2011 WL 334472, at *5. At the board of mayor and aldermen meeting, plaintiff's application received three favorable votes and two unfavorable votes, with two members of the seven-person board recusing themselves. ***Id***. at *7. The town attorney advised the board that because the commission recommended denial of plaintiff's application, under Tennessee Code Annotated section 13-7-204 (*supra*), for plaintiff's application to pass, it needed a favorable vote by a majority of the entire seven-person board. ***Id***. at *8. Because the plaintiff's application received only three favorable votes, it failed. ***Id.***

Plaintiff then filed a petition for common law writ of certiorari asking the Shelby County Chancery Court to approve the rezoning application based on the favorable vote of the majority of board members who participated in the meeting where the application was heard. ***Id.*** at *1. Plaintiff argued that that his application had, in fact, received a majority vote of the board because, pursuant to Tennessee Code Annotated section 12-4-101(c)(3)(B), the votes of the abstaining members "shall not be counted for purpose of determining a majority vote." ***Id.*** at *12. The trial court granted the writ and deemed the rezoning application approved. ***Id.*** at *1. On appeal, this Court reversed the trial court.

The ***Depot*** Court held that Tennessee Code Annotated sections 13-7-203(b) and 13-7-204 are specific statutes and, as such, control the case. ***Id.*** at *7. As set out above, these statutes identify the Planning Commission's role in rezoning actions and specify the number of votes required by the board based on whether the Planning Commission recommends approval or denial of the rezoning. Contrary to Appellant's argument, the ***Depot*** Court did not hold that the planning commission's action under these statutes constitutes a final order or judgment for purposes of a section 27-9-101 appeal under a common law writ of certiorari. Rather, the ***Depot*** Court treated the case as one of statutory construction, i.e., how many board member votes are required, under sections

13-7-203(b) and 13-7-204, for approval of a zoning application following an unfavorable recommendation by the planning commission.  In fact, the **Depot** Court discussed, in detail, the separate role of the planning commission in zoning decisions, to-wit:

This Court has observed that the statutes in this Chapter address both zoning and planning by municipalities:

The state enabling legislation places the authority to plan and the authority to zone with different local governmental entities.  Planning is entrusted to appointed municipal or regional planning commissions.  *See* T.C.A. §§ 13-3-101, 13-4-101 (1992 & Supp.1996).  In contrast, the zoning power is squarely placed in the hands of the local legislative bodies because the power to zone is viewed as essentially a legislative exercise of the government's police power.  *See* ***Holdredge v. City of Cleveland***, 218 Tenn. 239, 247-48, 402 S.W.2d 709, 712 (1966); ***Brooks v. City of Memphis***, 192 Tenn. 371, 375, 241 S.W.2d 432, 434 (1951).  Local legislative bodies may enact zoning plans recommended by planning commissions, but they are not obligated to.  *See* T.C.A. § § 13-7-102, 13-7-202.  Local legislative bodies may also amend zoning ordinances; however, they must submit proposed changes to the planning commission for review.  If the planning commission disapproves of a proposed change, a majority of the "entire membership" of the local legislative body must approve the proposed change in order for it to be valid.  *See* T.C.A. §§ 13-7-105(a), 13-7-203(b), 13-7-204.  Accordingly, the state enabling legislation vests the local legislative bodies with the prerogative to make financial decisions on all zoning matters.  *See **State ex rel. SCA Chem. Servs., Inc. v. Sanidas***, 681 S.W.2d at 564; E.C. Yokley, The Place of the Planning Commission and the Board of Zoning Appeals in Community Life, 8 Vand. L. Rev. 794, 795 (1955).

***Family Golf of Nashville, Inc. v. The Metropolitan Government of Nashville and Davidson County***, 964 S.W.2d 254, 258 (Tenn. Ct. App. 1997).  Thus, the statutes note the different roles of the municipal planning commission and the municipal legislative body in the zoning process. ***Id.*** at 257-58.

Section 13-7-204, in particular, alludes to the function of a municipality's planning commission and the municipality's legislative body

with respect to the amendment of the municipal zoning ordinance. It states:

> The zoning ordinance, including maps, may from time to time be amended; but no amendment shall become effective unless it is first submitted to and approved by the planning commission or, if disapproved receives the favorable vote of a majority of the entire membership of the chief legislative body.

T.C.A. § 13-7-204 (2005). Thus, it provides that an amendment to the zoning ordinance must first be presented to the planning commission. This requirement has been found to be mandatory. *See **Holdredge v. City of Cleveland***, 218 Tenn. 239, 402 S.W.2d 709, 712 (Tenn. 1966). Reflecting the "division of power" intended in the statutory scheme, the statute also provides that if the planning commission disapproves of a proposed amendment to the municipality's zoning ordinance, adoption of the amendment by the legislative body requires a "super-majority" of sorts, i.e., the amendment "shall not become effective unless it ... receives the favorable vote of a majority of the entire membership of the chief legislative body." *See **Family Golf***, 964 S.W.2d at 258 (stating that a similar provision in the metro charter "mirrored" the "division of power evident in the state enabling legislation").

***Depot***, 2011 WL 334472, at * 7. Contrary to Appellant's argument, ***Depot*** stands for the proposition that there is a clear "division of power" between the Planning Commission and the local legislative body (here, the City's Board of Mayor and Aldermen). ***Id***. Concerning zoning designations, the role of the Planning Commission involves planning and making recommendation to the local legislative body. Tenn. Code Ann. §§ 13-7-203(b) and 13-7-204. However, the Planning Commission has no authority concerning final approval of the zoning classification. While the Planning Commission's recommendation informs the number of votes required for final approval of a zoning application, the final decision is left to the legislative body. As noted above, "[l]ocal legislative bodies **may** enact zoning plans **recommended** by planning commissions, **but they are not obligated to**." ***Id***. (citation omitted) (emphases added). However, where a planning commission's recommendation requires further action by a legislative body, it is not a final order or judgment. *See **Walker v. Metro Bd. of Parks & Rec**.*, 2009 WL 5178435, at *10 ("The Parks Board's recommendation was not final in that it was not the decisive governmental act authorizing or taking any specific action.").

The facts and legal issues presented in the instant appeal are very similar to those presented in ***Historic Sylvan Park, Inc., et al. v. Metropolitan Government of Nashville, Davidson County, Tennessee, et al.***, No. M2014-02254-COA-R3-CV, 2015 WL 5719771 (Tenn. Ct. App. Sept 29, 2015). In ***Sylvan Park***, the Metropolitan Planning

Commission recommended that the Metropolitan Council not approve an ordinance that would expand the historic conservative overlay district of the Sylvan Park neighborhood in Nashville. 2015 WL 5719771, at *1. Residents of the neighborhood filed a petition for common law writ of certiorari under Tennessee Code Annotated section 27-9-101 seeking review of the planning commission's recommendation. *Id*. The planning commission moved for dismissal on the ground that its decision "was only a recommendation and not a 'final order' from which an appeal may be taken with a writ of certiorari." *Id*. The trial court granted the motion finding that it lacked subject matter jurisdiction because the planning commission's recommendation was not a final order as required under section 27-9-101. *Id*. at *3.

On appeal to this Court, the residents argued that the planning commission's recommendation that the council deny the proposed amendment to the neighborhood's historic overlay triggered a requirement, under the Metropolitan Code, that upon disapproval by the planning commission, no zoning change could become effective "unless it shall be adopted by a two-thirds majority of the whole membership of the council and also then be approved by the metropolitan mayor, with a three-fourths majority of the whole membership of the council required to override a veto." *Sylvan Park*, 2015 WL 5719771, at *2. Like the Appellant here, the residents in *Sylvan Park* argued that "because there is no mechanism by which to appeal the two-thirds voting requirement, the [p]lanning [c]ommission's decision 'is a final order, subject to review by certiorari.'" *Id*. at *3. This Court disagreed explaining that "[i]n light of the specific role assigned to the [p]lanning [c]ommission, and because, as set forth in Metropolitan Charter § 18.02, further action by the Council is needed in order for the proposed ordinance to be enacted, the [p]lanning [c]ommission's recommendation cannot be considered 'a final order or judgment.'" *Id*. Accordingly, the *Sylvan Park* Court held that "[b]ecause the recommendation by the [p]lanning [c]ommission was not a final order, the trial court did not have authority to review the [p]lanning [c]ommission's decision by certiorari, and it properly dismissed the petition for lack of subject matter jurisdiction." *Id*. In view of its holding that the planning commission's recommendation was not a final order, the *Sylvan Park* Court pretermitted appellants' argument that the planning commission's "vote was 'arbitrary, capricious, unreasonable, illegal, and exceeded its jurisdiction;' that it violated due process, the law of the land, and Tenn. Code Ann. § 13-4-304; and that it 'lacked substantial and material evidence'" *Id*. We conclude that the holding in *Sylvan Park* is controlling in this case. As in *Sylvan Park*, here, the Planning Commission's recommendation does not constitute a final order or judgment so as to confer subject matter jurisdiction on the trial court under section 27-9-101. Rather, the Planning Commission's action is interlocutory in the sense that the Planning Commission has no authority to actually order the rezoning. The power to make a final decision concerning the rezoning of the Appellant's Property rests with the Board. As such, we conclude that the trial court did not err in dismissing Appellant's petition for writ of certiorari for lack of subject matter jurisdiction.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order dismissing Appellant's petition for writ of certiorari. Costs of the appeal are assessed to the Appellant, Jack R. Owen Revocable Trust, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE