Ward DRAPER and James Smith,
Petitioners-Defendants,

v.

David HAYNES, Mayor of the Town of
Gordonsville, Respondent-Plaintiff.

Supreme Court of Tennessee.

April 3, 1978.

Jacky O. Bellar, Carthage, for petitioners-defendants.

Charles W. McKinney, Gordonsville, for respondent-plaintiff.

## OPINION

HARBISON, Justice.

This case involves the validity of a municipal ordinance pertaining to streets or roads in real estate subdivisions. Both the Chancellor and the Court of Appeals sustained the ordinance and enjoined violation thereof. We affirm their decision.

The municipality involved is the Town of Gordonsville, Tennessee, located in Smith County. The city was chartered by Chapter 280 of the Private Acts of 1909. It is a small community, having a population of 601 persons in 1974.[1] It is governed by a mayor and a council of five aldermen. Ordinances are required by the charter to be enacted on three separate readings, except by unanimous consent of the Council. The record is silent as to whether the city has a Planning Commission, or as to whether the Council acts as such. Section 10 of the charter gives the city broad police powers and authorizes regulations for the good order, peace, health, safety, comfort, convenience and morals of the citizenry. The Council is expressly authorized to pass ordinances dealing with streets and public roads and to provide for the maintenance thereof.

General state statutes also authorize municipal corporations to adopt planning regulations with respect to streets in subdivisions, and prohibit the recordation of plats for subdivisions without approval of the planning commission of any municipality which has adopted a major street plan. T.C.A. §§ 13–601 et seq.[2] T.C.A. § 13–603

---

1. Tenn. Blue Book, 1977–78, p. 463.

2. By legislation adopted since the subdivision involved in this case was planned, health authorities are also required to approve subdivision plans. Plats are not to be recorded without such approval. T.C.A. §§ 53–2048 et seq.

authorizes municipal corporations to adopt regulations regarding the manner in which streets shall be graded and improved, as a condition precedent to approval of a plat for a subdivision, and T.C.A. § 13–606 makes it a misdemeanor for owners or subdividers to sell properties in platted subdivisions without approval of a municipal planning commission. The statute also provides that the municipality may enjoin such transfers or sales.

According to the record, there have been only two residential subdivisions in Gordonsville. In 1968 the Council passed a resolution, apparently by unanimous consent, adopting minimum regulations of the Federal Housing Authority as the standards for the construction of new roads and streets within the city. Copies of these specifications were made available to the first subdivider, and he built streets in that subdivision conforming to the regulations before they were accepted as public streets.

■ Petitioners are the developers of the second subdivision, which was begun in 1970. Minutes of the City Council show that one of the petitioners appeared before the Council in 1970 to discuss plans for this development. There is substantial evidence in the record that copies of the F.H.A. street regulations were furnished to petitioners, and to their road contractor. Portions of the streets in the subdivision were built to the specifications contained therein. There is a concurrent finding of fact by the courts below, supported by evidence, that the petitioners did know about and were fully advised of the adoption of the F.H.A. regulations by the Town of Gordonsville, so that their contentions to the contrary are foreclosed here. T.C.A. § 27–113.

It appears that petitioners recorded a plat of their proposed subdivision in the Register's Office for Smith County, Tennessee, in 1970. A copy of the plat was not filed in the record, however, and the testimony is difficult to follow. Apparently petitioners platted only part of the subdivision. Later they attempted to extend the streets and to sell additional lots but did not build or pave the streets in the additional portion in accordance with the F.H.A. specifications. The city has never accepted these streets as public ways, and little or no maintenance of them has been afforded by petitioners or anyone else. The residents are able to use the streets only with difficulty. Delivery of mail and other public services are impeded by the poor road conditions. Petitioners continue to own many of the lots in this area.

After three readings the Council adopted an ordinance on February 14, 1975 similar in some respects to T.C.A. § 13–606. The ordinance makes no reference to the filing of plats of subdivisions, but does prohibit the selling of subdivided property not already fronting public streets without the construction and development of roads as to such subdivided parcels in conformity with the city's minimum requirements for new public streets. There is a penal provision, not involved here. In addition, the ordinance provides for the injunction of sales and prohibits the issuance of building permits for such subdivided parcels.

The Mayor of Gordonsville instituted the present action against petitioners under this ordinance to enjoin any further sales by them until they have constructed streets meeting the specifications previously adopted. The Chancellor granted the injunction, and the Court of Appeals affirmed.

Petitioners challenge the validity of the ordinance as being an improper exercise of the police power of the city. They contend that the ordinance violates due process of law, that it is retrospective and represents a taking of their property without compensation. They specifically rely upon Tennessee Constitution, Article I, §§ 8, 20 and 21.

■ Petitioners concede, in their brief in this Court, that the city could have accomplished through zoning ordinances or land-use ordinances the purposes sought to be achieved by the legislation in question. There is some suggestion in the record that the city may have such ordinances and that

it does have a building code. The Court, of course, cannot take judicial notice of local ordinances or city codes, *Metropolitan Government of Nashville & Davidson County v. Shacklett,* 554 S.W.2d 601 (Tenn.1977). We, therefore, have no way of knowing what other ordinances the City of Gordonsville may have adopted.

Zoning and land-use ordinances, however, represent an exercise of the police power of a municipal government. *McKelley v. City of Murfreesboro,* 162 Tenn. 304, 36 S.W.2d 99 (1931). In the latter case it was held that a charter provision granting a city "all police powers necessary" authorized the enactment of zoning ordinances within the city. *See also Holdredge v. City of Cleveland,* 218 Tenn. 239, 402 S.W.2d 709 (1966); 82 Am.Jur.2d, *Zoning and Planning* § 11 (1976).

Ordinances regulating the use and development of property are generally held to lie within the police power of municipal corporations, and their adoption, while frequently affecting property values and restricting use of property, has generally not been considered to amount to a taking under the power of eminent domain or to constitute retrospective legislation within the meaning of the state constitution. *See Houck v. Minton,* 187 Tenn. 38, 212 S.W.2d 891 (1948); *Spencer-Sturla Co. v. City of Memphis,* 155 Tenn. 70, 290 S.W. 608 (1927); *Jones v. Nashville,* 109 Tenn. 550, 72 S.W. 985 (1902). Further, whether the police power of the city is exercised directly by the governing body or through one of its local agencies is usually deemed to be immaterial, so long as the exercise lies within authority expressly or impliedly granted to the municipal corporation by general state law or by its charter provisions. *Houck v. Minton, supra.*

The ordinance in question, in our opinion, lies within the general police powers granted to the city by its charter, and certainly we are not in position to say that it is not designed to promote the convenience, safety or public welfare of the citizens of the city. The ordinance is not particularly well drafted, but petitioners do not attack its terms for vagueness. The intent of the ordinance is clear. The term "subdivision" is defined in state statutes having purposes similar to those of the ordinance, T.C.A. § 13–601, and we have no difficulty in concluding that the ordinance could and should be construed consistently with provisions of the general state law in that regard.

The only assignments of error of petitioners in this Court are that the 1975 ordinance is unconstitutional, and that the 1968 resolution or ordinance had not been properly adopted and that inadequate notice of its adoption and of the F.H.A. requirements had been given. We find both of these assignments to be without merit and affirm the decision of the Court of Appeals at the cost of petitioners.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.