VALLEY FORGE CIVIC LEAGUE and Grant Parham, Jr., Helen Jean London, Dr. Helen Broughton, Dr. Larry Baggett, Carolyn Brasfield, Jim Burton, Jr., Curtis Wooten, and Richard Rogers, residents of the Valley Forge Community and members of the Valley Forge Civic League, Plaintiffs-Appellants,

v.

State Senator John N. FORD, individually on Behalf of himself and on Behalf of O.A. Partnership and the Unknown Partners; O.A. Partnership d/b/a Oak Forest Memorial Gardens; the Memphis City Council acting on Behalf of the City of Memphis; and the Members of the City Council of the City of Memphis, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 20, 1986.

Application for Permission to Appeal Denied by Supreme Court May 27, 1986.

Dan M. Norwood, Hayden Lait of Memphis, Memphis, for plaintiffs-appellants.

Clifford D. Pierce, Jr., C. Cleveland Drennon, Jr., of Memphis for appellees, Memphis City Council, City of Memphis.

W.J. Michael Cody, Andy D. Bennett, Nashville, for State of Tenn.

Homer Boyd Branan, III, Charles B. Welch, Jr., Memphis for appellees, John N. Ford and O.A. Partnership.

CRAWFORD, Judge.

Plaintiffs, Valley Forge Civic League, an unincorporated association, and Grant Parham, Jr., et al, various individual members thereof, appeal from the orders of the Chancery Court dismissing their complaint and amended complaint against defendants,

State Senator John N. Ford, individually on behalf of himself and on behalf of O.A. Partnership and the Unknown Partners, O.A. Partnership, d/b/a Oak Forest Memorial Gardens, the Memphis City Council acting on behalf of the City of Memphis, and the members of the city council of the City of Memphis. The original complaint sought a declaratory judgment that a zoning variance granted by the city council to O.A. Partnership be declared null and void, a declaration that T.C.A. § 46–2–101, as amended, is unconstitutional, and to enjoin defendants Ford and O.A. Partnership from all activity relating to the operation and construction of a cemetery on the property for which the variance was granted.

In September, 1984, O.A. Partnership, a general partnership of which defendant John Ford is a partner, signed a contract to purchase 26.3 acres of land in the City of Memphis for a proposed cemetery development. The partnership filed application with the City of Memphis requesting approval of a planned development for a cemetery on the 26.3 acres. By resolutions of January 2, 1985, and January 8, 1985, the city council conditionally approved the planned development as requested. Plaintiffs' complaint was filed on February 6, 1985, seeking the hereinabove stated relief. The complaint alleged: that the city council's resolution was null and void because the applicant, O.A. Partnership, had not obtained the charter, license and bond required for cemetery companies to do business before making the application to the city for approval of the cemetery location; that the city council did not require the disclosure of the names of the partners of O.A. Partnership, and therefore could be acting with a conflict of interest in approving the location; and that the act amending T.C.A. § 46–2–101 (1980), which they allege authorized the city's action, is unconstitutional due to an improper caption. After all of the parties had filed motions to dismiss or for summary judgment, plaintiffs filed, without benefit of a court order, an amended complaint realleging the causes of action and adding thereto allegations that defendant Senator John Ford procured the passage of the act amending T.C.A. § 46–2–101 (1980) in the state legislature by misrepresentation and fraud. The amended complaint states:

> Defendant Senator John Ford in concert with the Defendant secret partners of O.A. Partnership conspired to commit a fraud and did commit a fraud upon the Tennessee General Assembly, your Plaintiffs and the people of the State of Tennessee in procuring the passage of an amendment to the law defining the powers of cemetery companies and then using that law to obtain a zoning variance from the Memphis City Council all of which has harmed and will cause further harm to Plaintiffs and the public. Defendant Senator Ford in conspiracy with the Defendant secret partners both misrepresented and omitted material facts to the legislature when he stated the reasons for seeking passage of the proposed amendment to the law defining the powers of cemetery companies.

Plaintiffs further allege that the caption of the proposed amendment misled the legislature as to the purpose of the amendment and thereby renders the amendment unconstitutional.

Finally, acting pursuant to the fraudulently obtained amendment the Defendants in furtherance of their conspiracy thereafter procured a zoning variance through the use of a secret partnership which was unlicensed, unchartered, and not bonded or authorized to do business as a cemetery company in either the State of Tennessee or the County of Shelby and was procured in violation of the conflict of interest laws of the City of Memphis City Council. Therefore, Plaintiffs seek the assistance of this Court of Equity to find the zoning variance obtained through the fraudulent acts of the Defendants to be null and void and to prevent the Defendants from deriving any further benefits from their conspiracy to commit fraud or from the legislation procured through fraud and to prevent further harm to Plaintiffs and the public.

Defendants Ford and O.A. Partnership filed a Motion to Dismiss for Failure to State a Claim and for failure to promptly perfect appeal. Defendant, Memphis City Council and the City of Memphis, filed a Motion to Dismiss for Failure to State a Claim, which was supported by affidavits of all of the members of the city council concerning the lack of any personal or financial interest in the subject matter of the resolution. The State of Tennessee moved to dismiss plaintiffs' constitutional claim.

Plaintiffs have submitted six issues for review in their brief, and we will consider the issues as necessary for determination of the appeal.

*Issue 1:* Whether the Chancellor erred by granting the motion for summary judgment and the motion to dismiss for failure to state a claim upon which relief can be granted on the fraud claim.

■ In ruling on motions for summary judgment both the trial court and this Court must consider the matter in the same manner as a motion for directed verdict made at the close of plaintiff's proof, i.e., we must view all affidavits in the light most favorable to the opponent of the motion and draw all legitimate conclusions of fact therefrom in their favor. If after so doing a disputed issue of material fact is made out, the motion must be denied. *Stone v. Hinds,* 541 S.W.2d 598 (Tenn.App. 1976).

Plaintiffs' fraud claim is based upon plaintiffs' allegations in the amended complaint that defendant Senator Ford misrepresented the facts and procured the passage of Chapter 585, Public Acts of 1984 amending T.C.A. § 46-2-101 (1980) and that this amendment enabled defendant Ford and his partners to obtain the resolution sought from the Memphis City Council. Although leave of court was not obtained for the filing of the amended complaint, no one is seriously challenging the lack thereof. Therefore, for the purposes of this appeal, we will consider the amended complaint as properly filed.

Plaintiffs apparently do not take issue with the ruling of our Supreme Court in

*Williams v. Nashville,* 89 Tenn. 487, 15 S.W. 364 (1891):

That a bill is inspired by private persons for their own advantage, and to the detriment of others, is clearly not a sufficient reason for holding the law void when passed. Nor can the Courts annul a statute because the Legislature passing it was imposed upon and misled by a few of its members in conjunction with interested third parties. If the Act in question is unwise and oppressive, the evil may be remedied by repeal or amendment.

*Id.* at 495-96, 15 S.W. 364.

Plaintiffs do contend, however, that defendant Ford and his partners should not be allowed to profit from his action.

Prior to the amendment of the Act, T.C.A. § 46-2-101 (1980) read as follows:

46-2-101. *Powers of cemetery companies—Purchase of land—Location—Laying off and subdivision—Sale of lots.*—Cemetery companies shall have the power to purchase land, not exceeding two hundred (200) acres, situated not less than one (1) mile, to be measured by way of the most direct public thoroughfare to the said land, from the corporation line of a town containing fifteen thousand (15,000) inhabitants, and not less than one mile and a half (1½), to be measured by the way of the most direct public thoroughfare to said land, from the corporate line of a city or town containing a greater number of inhabitants, to be used as a cemetery forever; to lay the same off in suitable avenues or walks and embellish with trees, shrubbery, and flowers, and to subdivide the land into lots suitable for graves, monuments, and vaults, and sell the same in such manner as the board of directors may determine; provided, that said population shall be estimated by the federal census of 1950 or any subsequent federal census; and, provided further, that any land may be purchased and used as a cemetery at any place within or without said corporate line, after the proposed location shall

have been approved by resolution of the governing body of such city or town.

After the 1984 amendment, T.C.A. § 46-2-101 (1985 Supp.) reads:

46-2-101. *Power to purchase and subdivide land.*—Cemetary companies shall have the power to purchase land, not exceeding two hundred (200) acres, to be used as a cemetery forever; to lay the same off in suitable avenues or walks and embellish with trees, shrubbery, and flowers, and to subdivide the land into lots suitable for graves, monuments, and vaults, and sell the same in such manner as the board of directors may determine; provided, that any land may be purchased and used as a cemetery at any place within a town or city after the proposed location shall have been approved by resolution of the governing body of such town or city.

We have difficulty following plaintiffs' argument as to the alleged benefit to defendant Ford by virtue of the amendment. The statute *prior* to the amendment provided "that *any* land may be purchased and used as a cemetery at *any* place within or without said corporate line, after the proposed location shall have been approved by resolution of the governing body of such city or town." (emphasis supplied). From our reading of the statute as it existed prior to the amendment and as it exists after the amendment, it is clear that *any* land in *any* place within the city could be used for a cemetery after approval was obtained from the governing authority. The land in question is within the City of Memphis. Thus the Act amending T.C.A. § 46-2-101 (1980) did not change any requirements to which Ford and his partners were subject prior to the amendment. As we read the pre-amendment statute, Ford and his partners could have used the same land as a cemetery "after the proposed location shall have been approved by resolution of the governing body of such city or town." T.C.A. § 46-2-101 (1980). The amending Act had nothing to do with the application for the planned development, nor to the city council's action thereon.

Perhaps the statute as amended could be construed as providing that 200 acres or less may be purchased and used anywhere as a cemetery without any approval from anyone, but if the property exceeds 200 acres and is within a city or town, approval for cemetery use must be obtained. Apparently, this is not the construction placed on the amended Act by defendant Ford since he made the application for approval of the planned development for cemetery use of 26.3 acres within the City of Memphis. Recognizing the need for planned use and development of land, especially within the municipalities of the state, we are inclined to our first interpretation of the amending act which makes the amending act irrelevant to the proceedings before the city council in this case. Therefore, it is unnecessary that we consider circumstances of the passage of this legislation. This issue is without merit.

*Issue 2:* Whether the Chancellor erred by granting the city's motion for summary judgment and motion to dismiss for failure to state a claim upon which relief can be granted on plaintiffs' claim the city's action was *ultra vires.*

■ Plaintiffs assert that when the city council approved the resolution for the planned cemetery development, defendants Ford and O.A. Partnership were not registered and licensed by the State of Tennessee as a cemetery company and therefore that the city council acted *ultra vires* because only cemetery companies meeting the requirements of the Tennessee Code Annotated are eligible for cemetery site approval. We disagree. The statute, both before and after the amendment, provides explicitly: "any land may be purchased and used as a cemetery at any place within ... *after* the proposed location shall have been approved by resolution of the governing body of such town or city." (emphasis supplied). The requirements for organization of a cemetery company must be met prior to engaging in the business of owning and operating a cemetery company. T.C.A. § 46-1-105 (1980). We note also that the provisions requiring registration of ceme-

teries require a statement of the location of the cemetery and a separate certificate of registration for each cemetery site. *See* T.C.A. § 46–1–103 (1980). Considering the applicable statutes, we find no prohibition to obtaining approval for the use of the land as a cemetery prior to satisfying the formal requirements of establishing a cemetery company.

 Plaintiffs also contend that the city council's action was *ultra vires* in that it failed to require disclosure of the partners of O.A. Partnership which made enforcement of the municipal conflict of interest ordinances impossible. Plaintiffs assert that there is a city ordinance concerning conflict of interest of officers and employees, but our review of the record does not reveal the introduction of said ordinance into evidence. We cannot take judicial notice of a municipal ordinance. In the absence of stipulation the ordinance must be proved. *Metropolitan Government of Nashville and Davidson County v. Shacklett*, 554 S.W.2d 601 (Tenn.1977). We note, however, that filed with the city's motion for summary judgment were affidavits from each and every member of the city council stating, under oath, "I have no financial interest or ownership interest, either directly or indirectly in O.A. Partnership or the subject matter property involved in said zoning resolution." The statements in the affidavits are uncontroverted. Plaintiffs contend that because the partners in O.A. Partnership were not known, the city council could not be sure that they had no financial interest in the matter before them. We cannot accept plaintiffs' argument. Each council member would certainly know whether they are financially interested in the named partnership and would certainly know whether they had any interest in any of the described property. We also find this issue to be without merit.

*Issue 3:* Whether the Chancellor erred by failing to hold that the Act amending T.C.A. § 46–2–101 (1980) was unconstitutional because the caption of the Act was vague, indescriptive and misrepresented the true import of the amendment.

Plaintiffs assert that the caption of the Act violated Article 2, Sec. 17 of the Constitution of Tennessee which provides in part:

No bill shall become a law which embraces more than one subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

The caption of the Act in question, Chapter 585, Public Acts of 1984 states:

AN ACT Relative to the powers of cemetery companies and to amend Tennessee Code Annotated, Section 46–2–101.

Plaintiffs contend that the amendment "radically altered state cemetery zoning laws" and "it completely eliminated the powers of local zoning and land use control boards to approve cemetery location, and permitted the location of cemeteries in residential neighborhoods." We disagree with plaintiffs' interpretation of the amendment and as previously stated in connection with the first issue, the amendment did very little to change the effect of the statute. As it affects land proposed for cemetery use within a city or town, the amendment makes no change.

Every presumption should be indulged in favor of an act's constitutionality and any doubts should be resolved in favor of the act. *Chattanooga-Hamilton County Hospital Authority v. City of Chattanooga*, 580 S.W.2d 322 (Tenn.1979).

The general disposition of the courts is to construe Article 2, Sec. 17 of the Constitution of Tennessee liberally rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted. *Scott v. Nashville Bridge Company*, 143 Tenn. 86, 223 S.W. 844 (1919). A fair reading of the caption of the Act in question and of the body of the Act itself does not indicate to this Court that the provisions of the Act are broader than the caption. The provisions in the body of the bill are germane to

the subject expressed in the caption. *See Chattanooga-Hamilton County Hospital Authority v. City of Chattanooga, supra* at 327. We likewise find this issue to be without merit.

In view of our determination on the first three issues, we do not find it necessary to consider the remaining issues presented by plaintiffs. Accordingly, the judgment of the trial court is affirmed and costs are assessed against the appellants.

McLEMORE, Special Judge, and HIGH-ERS, J., concur.