# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| MARY J. DROZD, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | NO.   01A01-9408-CV-00366 |
| | ) | |
| VS. | ) | Davidson County Sixth Circuit |
| | ) | No.  91C-189 |
| HERMITAGE VILLA | ) | |
| CONDOMINIUMS HOMEOWNERS | ) | |
| ASSOCIATION, INC.,  HILLSBORO | ) | |
| PROPERTY MANAGEMENT | ) | |
| COMPANY, INC., and | ) | |
| GARY WALLER, | ) | |
| | ) | |
| Defendants/Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF TENNESSEE, by and | ) | |
| through CHARLES W. BURSON, | ) | |
| Attorney General and Reporter, | ) | |
| | ) | |
| Intervenor. | ) | |

**FILED**

**Nov. 17, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

APPEAL FROM THE SIXTH CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS

CLYDE PAUL HOLLAND
2628 Old Lebanon Road
Nashville, Tennessee   37214
        ATTORNEY FOR PLAINTIFF/APPELLANT

LUTHER E. CANTRELL, JR.
DAVIES, CANTRELL, HUMPREYS & McCOY
150 Second Avenue, North, Suite 225
P.O. Box 190609
Nashville, Tennessee   37219-0609
        ATTORNEY FOR DEFENDANTS/APPELLEES

PAMELA BINGHAM BROUSSARD
ASSISTANT ATTORNEY GENERAL
ATTORNEY GENERAL'S OFFICE - TAX DIVISION
404 James Robertson Parkway, Suite 2121
Nashville, Tennessee   37243-0489
        ATTORNEY FOR INTERVENOR

**AFFIRMED AND REMANDED**

**ROBERT E. CORLEW, III**
**SPECIAL JUDGE**

**CONCUR:**

**HENRY F. TODD, JUDGE**
**SAM L. LEWIS, JUDGE**

From the decision of the Trial Court dismissing a portion of the original complaint and from the subsequent decision of the Trial Court granting summary judgment for the Defendants as to a second ground of recovery sought, the Plaintiff was granted an interlocutory appeal to this court.

The evidence shows that the Plaintiff and her daughter purchased a condominium in the Hermitage Villa Condominiums for the purpose of a residence for the Plaintiff. The condominiums had been developed by Defendant Gary Waller, and consisted of some ninety-six duplex units. Defendant Hillsboro Property Management Company, Inc. managed the condominiums, and Hermitage Village Condominiums Homeowners Association, Inc. is alleged to have been a homeowners association formed to oversee the development of the condominiums. It is undisputed that on the evening of April 11, 1990, at approximately 8:00 p.m., the Plaintiff was attempting to traverse a distance of some twenty feet across her yard to the door of her condominium, aided by the use of her walker, when one leg of the walker sank in a hole in the yard which had been created by a mole or some yard pest. It is further undisputed that this caused the Plaintiff's walker to become unstable, causing the Plaintiff to fall to the ground, breaking her hip.

The Plaintiff complained to the Court, inter alia, that the provisions of the Uniform Residential Landlord and Tenant Act were applicable to this cause, and that the failure of the Defendants to abide by the terms of that act constituted negligence per se. The Trial Court, however, found that the provisions of that act expressly exclude its application to condominiums, and dismissed the portions of the complaint alleging negligence due to the alleged failure of the Defendants to comply with the terms of the Uniform Residential Landlord and Tenant Act.

Similarly, the Plaintiff asserted that the Defendants were negligent per se due to their violation of a certain Metropolitan Nashville/Davidson County ordinance mandating dimensions for the condominium at issue. The Court, however, granted the Defendant's Motion for Summary Judgment as to this ground for relief.

The Plaintiff now seeks the order of this Court causing the Uniform Residential Landlord and Tenant Act to be applicable to this cause, or alternatively declaring the act to be unconstitutional due to the language of the act restricting its application to properties other than condominiums. The State

of Tennessee intervened in this action in order to defend the constitutionality of the Uniform Residential Landlord and Tenant Act, as it is written, excluding condominiums from its application. The Plaintiffs further urge the Court to reverse the order granting summary judgment to the Defendants due to the alleged violation of the metro driveway ordinance.

The Appellant first argues that because of the unique circumstances of the condominium herein, the Uniform Residential Landlord and Tenant Act should apply to this particular condominium, despite the language of the law which provides that it does not apply to such residential units. The Appellees assert that this issue was never raised before the Trial Court. Certainly we recognize that it is inappropriate to raise issues on appeal which were not addressed to the Trial Court. *Harrison v. Schrader,* 569 S.W.2d 822, 828 (Tenn. 1978); *Carl Clear Coal Corp. v. Huddleston*, 850 S.W.2d 140, 143-144 (Tenn. Ct. App. 1992) *perm. app. denied* (Tenn. 1993); *Tops Bar-B-Q, Inc. v. Stringer,* 582 S.W.2d 756, 758 (Tenn. Ct. App. 1977) *cert. denied* (Tenn. 1978). Because the Appellant, however, generally sought the decision of the Trial Court applying the uniform law to the residential unit in question, we feel compelled to consider the Appellant's argument. The Uniform Residential Landlord and Tenant Act generally does not apply to condominiums because the relationship of landlord and tenant does not exist in such units. A condominium generally is considered to be a unit in which a number of separate owners own individual units, within a multiple unit complex, with common areas owned and maintained by all of the owners as undivided property. The Uniform Residential Landlord and Tenant Act, by contrast, was passed for the purpose of governing the rights and obligations of landlords who own rental property, and tenants who have no ownership in the property which they occupy, but pay a sum to the owner for the privilege of occupying all or a portion of the premises for a period of time. *Tennessee Code Annotated §*66-28-103, 104 (1993). The Uniform Residential Landlord and Tenant Act specifically provides that it is inapplicable to "occupancy by an owner of a condominium unit." *Tennessee Code Annotated §*66-28-102 (c) (4) (1993).

The Appellant asserts that despite the language of the statute, it should be made applicable to the condominium unit in question herein. In support of that contention, the Appellant asserts that the condominium units in question are separate duplex units, originally designed as rental units, which were purchased and developed by the Defendants as a condominium project. Further, the Appellant asserts that the Defendants continue to own virtually all of the condominium units, very

3

few of them having been sold. Further, the condominium association contemplated by law and initially developed by the Defendants functioned, if at all, only very briefly, and did not, at the time of the issues in question in this cause, meet the needs of the condominium owners. While we find the record to support these contentions of the Appellant, we do not find these circumstances sufficient to apply the Uniform Residential Landlord and Tenant Act to the premises in question. Despite the fact that many of the other condominium units have never been sold by the developer, despite marketing of these units over an extended period of time, the evidence is clear that the Appellant herein purchased her own condominium, and continues to own it. As an owner of her condominium unit, her responsibilities with regard to the developer, who continues to own a number of other condominium units, and other condominium owners is vastly different than the relationship between a renter and a landlord or premises owner. We do not find the Uniform Residential Landlord and Tenant Act applicable to the present action.

The Appellant further seeks the decision of this Court finding the provisions of the Uniform Residential Landlord and Tenant Act to be unconstitutional, in that those provisions are applicable only to relationships between landlords and tenants, and not applicable between condominium owners and developers. The Tennessee Constitution prevents the passage of laws which benefit one group of persons, while being inapplicable to other persons, unless the discrimination is based upon a classification which rests upon a reasonable basis. *Tennessee Constitution*, Article XI, Section VIII; *C.f., Brentwood Liquors Corporation v. Fox*, 496 S.W.2d 454 (Tenn. 1973); *City of Chattanooga v. Harris*, 442 S.W.2d 602 (Tenn. 1969). We find, however, that there is a reasonable basis for a distinction between an owner of a condominium and a renter of an apartment or other rental unit. In a residential rental unit, the obligations of the tenant and landlord are totally different from those obligations of an owner of a condominium and other condominium owners or the association of condominium owners. A condominium owner of course has made an investment in his condominium, and is owner of his unit. He is generally a more permanent resident, who is not renting for a temporary period of time, but has made an investment and has responsibility, generally, for maintenance of his unit. A renter, by contrast, generally is more temporary in nature, and has made little or no investment in the unit which he occupies. Because there is no ownership on the part of the renter, the landlord maintains responsibility, generally, for all long-term maintenance problems, and enjoys the occupancy of the premises only subject to a contract between the parties.

4

While condominium owners and renters may each be required to abide by certain rules and regulations within their residential complex, just as homeowners in a subdivision are required to comply with local municipal ordinances and restrictive covenants within a subdivision, renters generally enjoy less freedom and independence in the manner in which they utilize their residential unit than those who have made purchases.

We therefore find a reasonable basis for the classifications determined by the legislature, and find that the discrimination within the Uniform Residential Landlord and Tenant Act to be proper. It is totally reasonable to apply one set of rules to the relationship between a landlord and a tenant, and other rules within the relationship between a condominium owner and owners of other condominiums within the residential unit. Protection of the rights of renters, or tenants, whose rights are more tenuous than those of property owners justifies the passage of a separate act applicable to landlords and tenants. We find the passage of this act does not violate the equal protection clause of the United State Constitution, in that there is a legitimate legislative purpose behind the passage of the Uniform Residential Landlord and Tenant Act. Similarly, the legislature has passed a separate act, the Horizontal Property Act, *Tennessee Code Annotated §66-27-101, et seq* (1993), which addresses circumstances surrounding condominiums, and the relationship between a condominium owner and other owners. Because of the factual differences involving these different relationships, we find that the legislature was justified in passing separate acts. Certainly there is a strong presumption in favor of legislative actions. *Bozeman v. Barker*, 571 S.W.2d 279 (Tenn. 1978).

Thus, we find that the Trial Court was justified in dismissing allegations in this cause predicated upon negligence per se based upon the Uniform Residential Landlord and Tenant Act.

The Appellant also seeks the order of the Court reversing the decision of the Trial Court which granted summary judgment upon the complaint of the Appellant that the Defendants were negligent per se in their violation of two sections of the Metropolitan Nashville Code. The two code sections in question deal with the sizes of parking lots. Courts may not take judicial notice of municipal ordinances. It is the duty of the party seeking to assert those ordinances to prove them before the Trial Court, absent stipulations of the parties. *Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn. 1978); *Adams v. Dean Roofing Company, Inc.*, 715 S.W.2d 341, 342 (Tenn. Ct. App. 1986) *perm. app. denied; Valley Forge Civic League v. Ford*, 713 S.W.2d 665, 669 (Tenn. Ct. App.

5

1986) *perm. app. denied.* The Appellant introduced excerpts from the Metropolitan Code in the Trial Court, which we have reviewed as a part of the record. A reading of the excerpts presented, however, does not show that the ordinances concerning the sizes of driveways and parking areas are applicable to the premises in question. The Trial Court has carefully reviewed the motion filed by the Defendants, and accompanying affidavits, as well as the response filed by the Plaintiff, and has determined as a matter of law that the municipal ordinances do not apply to these premises. We cannot find that the record reflects any facts on this issue which are disputed, nor can we find that the ruling of the Trial Court is contrary to the prevailing law. This issue is without merit.

For the reasons stated herein, we affirm the decision of the Trial Court, and remand this cause for trial upon the remaining issues.

_____
ROBERT E. CORLEW, III, SPECIAL JUDGE


CONCUR:


_____
HENRY F. TODD, JUDGE


_____
SAM L. LEWIS, JUDGE


**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

MARY J. DROZD**,**                                   )
                                                     )

|  |  |  |  |
|---|---|---|---|
| Plaintiff/Appellant, | ) | NO. 01A01-9408-CV-00366 | |
| | ) | | |
| VS. | ) | Davidson County Sixth Circuit | |
| | ) | No. 91C-189 | |
| HERMITAGE VILLA | ) | | |
| CONDOMINIUMS HOMEOWNERS | ) | | |
| ASSOCIATION, INC., HILLSBORO | ) | | |
| PROPERTY MANAGEMENT | ) | | |
| COMPANY, INC., and | ) | | |
| GARY WALLER, | ) | | |
| | ) | | |
| Defendants/Appellees, | ) | | |
| | ) | | |
| and | ) | | |
| | ) | | |
| STATE OF TENNESSEE, by and | ) | | |
| through CHARLES W. BURSON, | ) | | |
| Attorney General and Reporter, | ) | | |
| | ) | | |
| Intervenor. | ) | | |

## JUDGMENT

This cause came on further to be considered by the Court upon the interlocutory appeal filed by the Plaintiff, and upon the briefs of both parties, the arguments of counsel, and upon the entire record in this cause, from all of which the Court finds that the judgment of the Trial Court should be affirmed, and that the cause should be remanded to the Trial Court for further proceedings consistent with the Opinion of this Court.

IT IS THEREFORE ORDERED that the judgment of the Trial Court is affirmed, and the cause is remanded to the Trial Court for further proceedings consistent with the Opinion of this Court. Costs of appeal are taxed against the Appellant.

_____
ROBERT E. CORLEW, III, SPECIAL JUDGE


_____
HENRY F. TODD, JUDGE


_____
SAM L. LEWIS, JUDGE