# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 2000 Session

## VOWELL VENTURES v. CITY OF MARTIN

**Appeal from the Circuit Court for Weakley County**
**No. 2815     William B. Acree, Jr., Judge**

---

**No. W1999-01445-COA-R3-CV - Decided July 21, 2000**

---

Vowell Ventures, a partnership, sued the City of Martin alleging that the City denied Vowell Ventures' application for a building permit due to the fact that there was a sewer line and storm drain crossing the property. The complaint alleged that the denial of the application for the building permit constituted a taking of property without just compensation and sought judgment against the City for the taking. The trial court granted the City of Martin's Motion To Dismiss Or For Summary Judgment and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

H. Max Speight, Martin, Tennessee, for the appellant, Vowell Ventures.

Mark F. Gallien, Martin, Tennessee, for the appellee, City of Martin.

### OPINION

Vowell Ventures, a partnership, appeals from the order of the Circuit Court of Weakley County granting City of Martin's motion for summary judgment. This marks the second appearance by these parties before this Court. The genesis of this case was the denial by the City of Martin to issue a building permit applied for by Vowell Ventures in February, 1990. Vowell Ventures filed suit in the Chancery Court of Weakley County against the City in what was treated as a petition for a writ of certiorari seeking an order from the court directing City to issue Vowell Ventures a building permit to erect an office building on a parcel of land owned by Vowell Ventures. The trial court denied the petition and Vowell Ventures appealed to this Court, which affirmed the trial court by an opinion filed May 16, 1997. Vowell Ventures' application for permission to appeal to the supreme court was denied December 8, 1997. The City denied the permit because the building which Vowell Ventures proposed to build on its lot was to be constructed over an existing sanitary

sewer line and storm drain.  *Vowell Ventures v. City of Martin*, No. 02A01-9604-CH-00090, 1997 WL 254236 (Tenn. Ct. App. May 16, 1997) *perm. app. denied*.

The basic facts as set forth in this Court's May 16, 1997 opinion are as follows:

Morris Vowell and others acquired title to the property in question by warranty deed in 1983.  The property, a rectangular vacant lot, fronts on U.S. 45 in the city.  The frontage, the width of the property, is 94 feet.  The property extends back east from the highway slightly over 250 feet in length.  Vowell proposed to construct a 40' x 80' shell for an office building, rectangular in shape, to be set back 50 feet from the east margin of Highway 45.  The minimum set back requirement in this area is 25 feet.

While the warranty deed from Vowell's grantor to Vowell makes no mention of any underground utility easement running through the property, it is uncontradicted that two separate underground utility lines – one a sanitary sewer line and the other a storm sewer line – run in a general north-south direction through the property and based upon the planned location of the building would pass directly underneath portions of the proposed structure.

. . . .

At the hearing below, the only witness to testify for plaintiff was Morris Vowell, one of the partners.  He testified that there were no recorded easements or grants for either of the underground sewer lines on his property.  This is not contested.  He also testified that as we have already noted, there was no reference to either sewer line in the deed to Vowell.  This is also not contested.  He further testified that City had permitted others to construct buildings over underground sewer lines.

City did provide Vowell a compromise plan that would place Vowell's proposed building an additional seventeen feet back from the highway right-of-way, which would clear Vowell's structure from lying above the underground lines.  Vowell rejected the offer, stating that such a relocation of the building would make the site "unattractive" for a future sale.  Vowell conceded that City's compromise plan would allow him to still pave and/or otherwise make use of the property over the lines and that he had a deep lot with "plenty of room to build on."

On cross examination Vowell readily admitted that potential problems exist in placing a building over a sewer line or a storm drain and that the likelihood of problems increases if a building is placed over both a sewer line and a storm drain. He described potential problems to include a line collapse, a line becoming stopped up, and a line generally needing repairs or replacement.  He stated that structural

damage to a building could occur if a sewer line under it should collapse. He further testified that a portion of a building over an underground sewer line would have to be removed if the line under it needed repairs or replacement. As a licensed contractor, he voiced the opinion that if a person had a choice it would be better not to build over a utility line. He further stated that he had no knowledge of the condition or age of the utility lines crossing this property over which he desired to construct his new building.

On January 31, 1996, Vowell Ventures sued City of Martin in the present action alleging that City denied Vowell Ventures' application for a building permit due to the fact that there was a sewer line and storm drain crossing the property. The complaint alleged that the denial of the application for the building permit constituted a taking of property without just compensation as prohibited by the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 8 and 21 of the Constitution of the State of Tennessee. Vowell Ventures sought compensation from City for the taking of its property. The City responded by a pleading styled Motion to Dismiss or for Summary Judgment contending that the complaint was an action of inverse condemnation and was barred by the statute of limitations set forth in T.C.A. § 29-16-124; that the action is barred by the statute of limitations applicable to suits against governmental entities under the Governmental Tort Liability Act T.C.A. § 29-20-303(b); that as a matter of law the denial of a building permit by a municipality does not constitute a "taking of property" as alleged in the complaint and that the disposition of the previous lawsuit is *res judicata* and/or collateral estoppel. Following a hearing on the motion, the trial court entered an order granting summary judgment in favor of the defendant City and Vowell Ventures appeals to this court.

The issues as presented by the appellant on appeal are as follows:

I. The City of Martin cannot take private property and appropriate such for the use of the public without compensation to the landowner.

II. Summary Judgment was not appropriate where there is a genuine issue of disputed facts.

Governmental entities are empowered to take private property for the use and benefit of the public good, but are constitutionally prohibited from doing so without just compensation being made. When such a taking occurs, an action may be initiated by the landowner in an action referred to as inverse condemnation. Such an action must generally be brought within 12 months after the land has been actually taken possession of and the work on the proposed improvements begun. T.C.A. § 29-16-124.[1]

---

[1]Tenn. Code Ann. section 29-16-124 states:

**Limitation of owners' actions.** – The owners of land shall, in such cases, commence proceedings within

(continued...)

We are unable to determine from the record before us when the sewer line and storm drain were installed on the property of Vowell Ventures or whether Vowell Ventures was the owner of the property at the time of the installation. Vowell Ventures included allegations in its complaint filed in the previous lawsuit against the City of Martin as follows:

> On or about February 9, 1990, Morris Vowell, one of the partners of Plaintiff, requested a building permit from the City of Martin to construct on the above property a 40 feet by 80 feet "shell" office building.

> By letter dated March 9, 1990, Johnny Tuck, the then City of Martin Building Inspector, denied the application for a building permit stating that upon checking the property, he discovered that there is a sewer line and a storm drain crossing the property, and that he could not grant the application.

> Morris A. Vowell then requested to the Defendant that it remove the sewer and storm drain from property, as such were prohibiting the issuance of a building permit.

According to the record in the previous case, that complaint was filed on October 16, 1991. Therefore, Vowell Ventures had knowledge at that time that there was a sewer line and storm drain across its property. The present action was filed January 31, 1996. Therefore, the plaintiff's action for inverse condemnation is barred by the aforementioned statute of limitations.

Appellant argues that the denial of the building permit constitutes a taking of its property. It was determined in the prior suit that the trial court did not err in denying Vowell Ventures' petition. Just as the application of valid zoning regulations is not considered to amount to a taking under the power of eminent domain (*see Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn. 1978) and *Ragan v. Hall*, No. 02A01-9501-CH-00007, 1995 WL 769269 (Tenn. Ct. App. Dec. 29, 1995)*perm. app. denied*); it would appear that the denial of a building permit, previously adjudicated to have been proper, likewise does not constitute a taking of property without just compensation. However, assuming Appellant is correct, its cause of action would still be barred by the twelve month statute of limitations set forth at Tenn. Code Ann. section 29-16-124.

---

[1](...continued) twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.

In view of our decision, the appellant's second issue is pretermitted.  The judgment of the trial court is affirmed and the costs of this cause are taxed to the appellant, Vowell Ventures and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE