IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 9, 2002 Session

## PAULINE CATO v. THE MONTGOMERY COUNTY BOARD OF COMMISSIONERS

**Appeal from the Chancery Court for Montgomery County**
**No. 2001-01-0027      Michael R. Jones, Judge**

_____

**No. M2001-01846-COA-R3-CV - Filed May 23, 2002**

_____

This appeal arises from a property owner's efforts to rezone a 94-acre tract of property in the Sango community of Montgomery County from an agricultural to a residential classification. Despite the planning commission's approval of the proposal, the Montgomery County Commission declined to change the property's zoning classification. The property owner thereafter filed a petition for common-law writ of certiorari in the Chancery Court for Montgomery County asserting that the county commission had succumbed to community pressure and lacked any other appropriate basis for declining to rezone the property. The trial court, sitting without a jury, upheld the county commission's decision after concluding that it was fairly debatable whether the proposed development was compatible with the surrounding community. The property owner has appealed. We have determined that the courts have no basis to second-guess the county commission's decision and, therefore, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and WALTER C. KURTZ, SP. J., joined.

Teresa R. Ricks and J. Russell Farrar, Nashville, Tennessee, for the appellant, Pauline Cato.

Roger A. Maness, Clarksville, Tennessee, for the appellee, The Montgomery County Board of Commissioners.

### OPINION

### I.

In 1971 Pauline and Gene Cato purchased a 115-acre tract of property in the Sango community of Montgomery County. After the State of Tennessee condemned a portion of their property for the construction of I-24, they were left with approximately 94 acres. When Mr. Cato died, the property was placed in trust for Ms. Cato's benefit. Faced with declining farm income, the

trust agreed to sell the tract to a local developer who desired to subdivide the property into .25-acre lots and then to construct between 150 and 200 homes. The contract was specifically made contingent on rezoning the property from its agricultural classification to an R-1A classification.

The Clarksville-Montgomery County Planning Commission reviewed the developer's proposal and recommended that the property be rezoned to an R-1A classification after its staff concluded that "the positives outweigh the negatives in this case." The residents of the Sango community mobilized to oppose rezoning the property, and the members of the Montgomery County Commission were deluged with telephone calls insisting that the proposed development would fundamentally alter the character of the neighborhood and would destroy their quality of life. Following a tumultuous public hearing, the county commission, by a vote of sixteen to five, declined to rezone the property.

Ms. Cato sought judicial review of the county commission's decision by filing a petition for common-law writ of certiorari in the Chancery Court for Montgomery County.[1] The trial court, sitting without a jury, declined to overturn the county commission's decision after concluding that the compatibility of the proposed development with the existing neighborhood was fairly debatable. Ms. Cato appealed and now argues that the trial court erred by upholding the county commission's decision because that body lacked material evidence justifying its action. She insists that the county commission acted only in response to the overwhelming public opposition to the proposed zoning change. Because we find evidence in the record that creates concerns regarding the impact the proposed development would have on the Sango community, we affirm the trial court.

**II.**

Amending a zoning ordinance is a legislative act, *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990), that is intended to protect the health, safety, and welfare of the citizens living in the community covered by the ordinance. *Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn. 1978); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 955 S.W.2d 52, 54 (Tenn. Ct. App. 1997). Because local legislative bodies have broad discretion in zoning matters, *Family Golf of Nashville v. Metropolitan Gov't*, 964 S.W.2d 254, 260 (Tenn. Ct. App. 1997), the courts will decline to second-guess a decision either to approve or to disapprove an amendment to a zoning ordinance as long as the decision has some conceivable, appropriate basis to justify it. *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d at 343-44. Accordingly, when the validity of an amendment to a zoning ordinance is fairly debatable, the courts must not substitute their judgment for that of the local legislative body. *McCallen v. City of Memphis*, 786 S.W.2d at 641.

---

[1] Both the Tennessee Supreme Court and this court have repeatedly admonished property owners who do not succeed in rezoning their property that an action for declaratory judgment is the only proper vehicle for obtaining judicial review of a county commission's legislative decision not to amend a zoning ordinance. *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983); *Day v. City of Decherd*, No. 01A01-9708-CH-00442, 1998 WL 684533, at *1 (Tenn. Ct. App. July 1, 1998) (No Tenn. R. App. P. 11 application filed). Like the courts in *Fallin* and *Day*, we will reach the merits of the property owner's claim by treating the petition for common-law writ of certiorari as a complaint for declaratory judgment.

Based on our review of this record, we do not concur with the trial court's observation that "there is no good reason why the resolution failed to pass." In fact, we find at least four good reasons for the county commission's decision. First, the proposed development would place additional pressure on an already crowded school that serves the children living in the area.[2] Second, the proposed development would impact traffic in the area that was already congested at peak travel hours. Third, the density of the proposed development made it incompatible[3] with neighboring property.[4] Fourth, a great number of the persons currently residing in the Sango community opposed rezoning Ms. Cato's property to an R-1A classification.[5]

Plainly, persons of good will may differ with regard to the advisability to rezone the Cato property. The planning commission concluded that the "positives outweigh the negatives." However, the county commission ultimately disagreed and concluded that the negatives outweighed the positives. It is not our prerogative to disagree with the county commission's decision.

## III.

We affirm the judgment dismissing Ms. Cato's complaint and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Pauline Cato and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[2]The school system opposed the proposed development. The director of schools had told the planning commission that the school serving the area was already over capacity and that it was awaiting a portable classroom to accommodate its current enrollment.

[3]Compatibility is a broad concept that connotes

> a condition in which land uses or conditions can coexist in relative proximity to each other in a stable fashion over time such that no use or condition is unduly negatively impacted directly or indirectly by another use or condition. The compatibility of land uses is dependent on numerous development characteristics which may impact adjacent or surrounding uses. These include: type of use, density, intensity, height, general appearance and aesthetics, odors, noise, smoke, vibration, traffic generation, and nuisances.

*Windward Marina, L.L.C. v. City of Destin*, 743 So. 2d 635, 637 (Fla. Dist. Ct. App. 1997) (quoting City of Destin, Fla. Ord. No. 151). This definition is consistent with the Clarksville-Montgomery County Planning Commission's understanding of compatibility. The commission representative stated that the commission considers property uses, lot sizes, characteristics of the property, and traffic as part of its compatibility review.

[4]On this appeal, Ms. Cato has not pressed the equal protection or takings arguments that she raised in the trial court. Accordingly, we have no occasion to address these claims here.

[5]We have already pointed out that local legislative bodies cannot be faulted for responding to their constituents when it comes to rezoning property as long as their actions are consistent with the state and federal constitutions and with good conscience. *Day v. City of Decherd*, 1998 WL 684533, at *3.