# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS JULY 23, 2004

## CONLEE ENGINE REBUILDERS, INC. v. CITY OF MEMPHIS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002435-02     Karen R. Williams, Judge**

_____

**No. W2003-0216-COA-R3-CV - Filed November 17, 2004**

_____

This appeal arises out of an inverse condemnation action brought by Appellant against Appellee. Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted, contending that Appellant's claim was time barred by the applicable statute of limitation. The trial court granted Appellee's motion, and Appellant now seeks review by this Court. For the following reasons, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Leonard E. Van Eaton, Memphis, TN, for Appellant

Norman P. Hagemeyer, Memphis, TN, for Appellee

**MEMORANDUM OPINION**[1]

**Facts and Procedural History**

Conlee Engine Rebuilders, Inc. ("Conlee" or "Appellant") is a Tennessee corporation owned by Ray Conlee, his wife, Fannie Conlee, and their son, Andy Conlee. In September 1977, Conlee purchased property located at 1091 North Sixth Street in Memphis, Tennessee. At that time, the

---

[1]        Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

property was zoned as light industrial, permitting Conlee to use the property for its business purposes of rebuilding and installing automobile engines.

On December 13, 1988, the City of Memphis ("City" or "Appellee"), through its city council, passed City Ordinance 3828. This ordinance amended City Ordinance 3064 and rezoned Conlee's property from light industrial to residential duplex. It is disputed whether Conlee was aware of the rezoning by the City or if Conlee received actual notice of the zoning change. However, Conlee admits in its brief that public notice had been published prior to the passage of City Ordinance 3828.

On August 24, 1989, Conlee purchased approximately 1.0631 acres of real property immediately north of 1091 North Sixth Street. Again, the parties dispute whether Conlee was aware of the zoning change when it purchased the additional lots in August 1989. Subsequently, on December 21, 1992, Conlee applied for and was issued a building permit from the Memphis and Shelby County Office of Building Code Enforcement, allowing Conlee to construct a storage facility for the machine shop. After beginning and substantially completing work on the new facility located on the land purchased in 1989,[2] a "stop work" order was issued by the Memphis and Shelby County Office of Construction Code Enforcement, stating that such construction was in violation of City Ordinance 3828 which rezoned the property from light industrial to residential duplex. Though the "stop work" order was lifted and Conlee completed construction of the building, the City advised Conlee that the new building could only be used for storage purposes and no expansion would be permitted on the original parcel purchased in 1977.

After exhausting its administrative remedies, Conlee filed a complaint for inverse condemnation on April 20, 1994, in the Shelby County Chancery Court. On June 2, 1994, the City filed a motion to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02. For reasons which are not clear from the record, on May 30, 1997, the City filed an answer to Conlee's complaint setting forth numerous affirmative defenses, including the defense that Conlee's claim was time barred. In April 2002, the parties entered into a consent order to transfer the action to the Shelby County Circuit Court. After the City filed another motion to dismiss in the circuit court, the lower court granted this motion. The court reasoned that the statute of limitation for an inverse condemnation action began to run on the day City Ordinance 3828 was passed, and Conlee's complaint was filed more than a year after the enactment of this ordinance. Conlee appeals to this Court and presents the following issue, as we perceive it, for our review: whether the trial court erred when it determined that Conlee's complaint failed to state a claim upon which relief may be granted given the one-year statute of limitation for inverse condemnation actions. For the following reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

**Standard of Review**

---

[2]     Though the record does not explicitly state that the new building was constructed on the land purchased by Conlee in 1989, the complaint states that the City of Memphis advised Conlee, after allowing Conlee to finish construction, that "no *further* expansion will be allowed on the parcel of ground acquired in 1989 . . . ." (emphasis added). Such statement suggests that the new building was constructed on the land purchased by Conlee in 1989.

The Tennessee Supreme Court has articulated an appellate court's standard of review when a party appeals the grant of a motion to dismiss:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996). It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848 (Tenn. 1978). Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drugs Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01). We review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions. *Id.*

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002).

**Law and Analysis**

The crux of this appeal does not question whether City Ordinance 3828 was validly enacted by the city council of Memphis. The focus of this appeal is the restriction placed on Conlee by City Ordinance 3828 and whether Conlee filed its complaint within the one-year statute of limitation for inverse condemnation actions. We begin by noting that "[i]nverse condemnation is the popular description of a cause of action against a governmental defendant to recover the value of the property which has been taken in fact by a governmental defendant even though no final exercise of the power of eminent domain has been attempted by the government." *Johnson v. City of Greeneville*, 435 S.W.2d 476, 478 (Tenn. 1968). It is codified at Tenn. Code Ann. § 29-16-123 as follows:

> If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or the owner may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.

Tenn. Code Ann. § 29-16-123(a) (2000). Further, with regard to zoning and land-use ordinances, the Tennessee Supreme Court has stated:

-3-

>Ordinances regulating the use and development of property are generally held to lie within the police power of municipal corporations, and their adoption, while frequently affecting property values and restricting use of property, has generally not been considered to amount to a taking under the power of eminent domain or to constitute retrospective legislation within the meaning of the state constitution.

*Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn. 1978) (citing *Houck v. Minton*, 212 S.W.2d 891 (Tenn. 1948); *Spencer-Sturla Co. v. City of Memphis*, 290 S.W. 608 (Tenn. 1927); *Jones v. Nashville*, 72 S.W. 985 (Tenn. 1902)). However, to constitute a "taking," "'it is not necessary for the owner to be entirely deprived of the use of the property. Any destruction, *restriction* or interruption of the common and necessary use may constitute a taking.'" *Id.* at 165 (quoting *Jones v. Cocke County*, 420 S.W.2d 587, 589 (Tenn. Ct. App. 1967)) (emphasis added). Indeed, this Court, adopting the findings of a lower court and quoting them with approval, enunciated that "when regulation goes so far as to deprive an owner of the beneficial use of his property, it becomes confiscatory and constitutes a taking of property without due process of law." *Bayside Warehouse Co. v. City of Memphis*, 470 S.W.2d 375, 378 (Tenn. Ct. App. 1971) (citing *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922); *Arverne Bay Constr. Co. v. Thatcher*, 15 N.E.2d 587 (N.Y. 1938)).

Section 29-16-124 of the Tennessee Code Annotated articulates the statute of limitation for claims of inverse condemnation:

>The owners of land shall, in such cases, commence proceedings within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement has begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years.

Tenn. Code Ann. § 29-16-124 (2000). The Tennessee Supreme Court has further elaborated on when an inverse condemnation action begins to accrue stating "the onus is on the property owner to institute his suit within one year after he realizes or should reasonably realize that his property has sustained an injury which is permanent in nature." *Knox County v. Moncier*, 455 S.W.2d 153, 156 (Tenn. 1970). The time of the accrual of an inverse condemnation cause of action is frequently a question of fact and not a matter of law. *See Osborne Enters., Inc. v. City of Chattanooga*, 561 S.W.2d 160, 165 (Tenn. Ct. App. 1978).

Appellant argues that the trial court erred when it determined that the statute of limitation for Appellant's inverse condemnation action began to run when City Ordinance 3828 was enacted in December 1988. Under the circumstances of this case, we agree. In this case, Appellant complains that the Appellee committed a "taking" in the form of a restrictive zoning ordinance for property acquired by Appellant in December 1977 but also in August 1989. As an initial matter, it seems

illogical to this Court that a "taking" occurred, and the statute of limitation for inverse condemnation began to run, in December 1988 for the parcel of land Appellant acquired in August 1989.

Next, we note that, given this Court's holding in *Osborne Enterprises, Inc. v. Chattanooga*, it was inappropriate for the lower court to hold, as a matter of law, that the statute of limitation for inverse condemnation actions codified in Tenn. Code Ann. § 29-16-124 began to run at the time City Ordinance 3828 was enacted on December 13, 1988. *Osborne Enters., Inc.*, 561 S.W.2d at 165. Instead, the statute of limitation begins to run when the complainant "realizes or should reasonably realize that his property has sustained an injury which is permanent in nature." *Moncier*, 455 S.W.2d at 156. In this case, it appears from the complaint that Appellant had no knowledge of City Ordinance 3828 when it was passed, did not realize that the property was rezoned when he purchased additional, adjacent lots in August 1989, continued to have no knowledge of such rezoning when he obtained a building permit from the Memphis and Shelby County Office of Building Code Enforcement on December 21, 1992, for expansion of his business, and only learned of the rezoning when Appellee issued a "stop work" order while Appellant was amidst construction of a new facility on the rezoned property. Though Appellee disputes in its answer the point in time Appellant knew, or should have known, of the rezoning, such statement is insufficient to sustain a motion to dismiss and renders the grant of such motion inappropriate. For these reasons, we reverse the trial court's grant of the Appellee's motion to dismiss and remand for further proceedings consistent with this opinion.

## Conclusion

For the reasons stated above, we reverse the trial court's grant of the motion to dismiss in favor of Appellee. Costs of this appeal are taxed to Appellee, the City of Memphis, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-5-